■ KOGEL LUMBER AND SUPPLY, INC., et al., Appellants, v SUFFOLK COUNTY WATER AUTHORITY, Respondent, et al., Defendants.—In an action to recover damages for injury to property caused by a fire, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kutner, J.), dated March 26, 1986, as granted so much of the motion of the defendant Suffolk County Water

Authority which was for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The record clearly establishes that the claims of the plaintiffs are not actionable against the respondent, a public benefit corporation. Absent a special relationship between the injured party and the public entity which allegedly committed the negligent act or omission, a governmental agency cannot be held liable for negligent acts committed in the performance of its governmental functions *(see, Sorichetti v City of New York,* 65 NY2d 461). The complaint alleged that the plaintiffs' lumber yard was destroyed by fire due in part to the respondent's failure to provide sufficient water pressure at the pumping station adjacent to the lumber yard.

At the time of the fire, the only relationship between the plaintiffs and the respondent was that some of the plaintiffs subscribed to the respondent's public water service for their private premises. Section VII of the respondent's rules and regulations provided that it was not liable "for a deficiency or failure in the supply of water or the pressure thereof for any cause whatsoever". Further, although some of the plaintiffs had previously sold the land upon which the respondent built the pumping station to the respondent, and some of the plaintiffs had entered into several construction loan agreements with the respondent, none of these contracts imposed any duty upon the respondent to maintain a particular level of water pressure at the pumping station. Consequently, none of these contracts created any special relationship between the plaintiffs and the respondent concerning maintenance of water pressure at the pumping station which would support a cause of action by the plaintiffs against the defendant *(see, Vought v Teachers' Coll., Columbia Univ.,* 127 AD2d 654).

Moreover, there is no merit to the plaintiffs' contention that the respondent's decision to reduce the water pressure in the pumping station during off-peak hours constituted an "affirmative act" which removes this case from the general rule of nonliability with respect to governmental agencies *(see, Blancovitch v City of New York,* 131 AD2d 418). Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.