[No. 56118–4.    En Banc.    January 18, 1990.]

LAURA BENNETT, ET AL, *Appellants,* v. J. MICHAEL
HARDY, ET AL, *Respondents.*

*Law Offices of Neil J. Hoff* and *Paul Lindenmuth,* for appellants.

*Foster Pepper & Shefelman, Linda L. Foreman,* and *Bruce A. Coffey,* for respondents.

BRACHTENBACH, J.—Plaintiffs allege age discrimination by their employer but cannot bring a cause of action against him under RCW 49.60, the state Law Against Discrimination, because he employs fewer than eight employees and thus is not within that statute's definition of employer. The issue presented is whether we should imply a cause of action under a separate statute, RCW 49.44.090, which makes age discrimination an unfair employment practice but does not create a remedy.

Two plaintiffs sued their former employer and his wife[1] alleging age discrimination and wrongful discharge. The trial court granted defendant's motion for summary judgment and dismissed plaintiffs' claims. We note initially that this ruling was not based upon the usual summary judgment determination that there existed no issue of material fact but rather it was a ruling of law in which the court concluded that it lacked jurisdiction to hear plaintiffs' claims. We accepted certification of plaintiffs' appeal from the Court of Appeals. We reverse the trial court's dismissal of plaintiffs' action and remand for trial.

The plaintiffs, Laura Bennett and Wanda Bowden, are twin sisters who were employed as dental hygienists for

---

[1]Plaintiffs sued both Dr. Hardy and his wife. We note that the complaint alleges that Mrs. Hardy has performed work in her husband's dental office and plaintiffs' allegations of offensive age–related statements include a statement made by Mrs. Hardy that the office needed "new" or "young" blood. Because, however, most of the alleged misconduct concerns Dr. Hardy, and for our convenience, we refer to him as the single defendant except where Mrs. Hardy's role is relevant.

defendant's predecessor and kept on by defendant when he purchased that dental practice in the late 1970's. Following several years of employment for defendant, plaintiffs allege that statements and conduct of defendant began to single them out, treating them differently from other employees, and in general creating an age–hostile work environment.

Included in plaintiffs' response to defendant's summary judgment motion are allegations that Dr. Hardy suggested to one of the plaintiffs on at least one occasion that she might be suffering from Alzheimer's disease, that Dr. Hardy suggested that perhaps the plaintiffs were too old to be trained in new techniques, and that Dr. Hardy called the cleaning compound used by plaintiffs "witches brew." Plaintiffs also allege that Dr. Hardy interfered with their work productivity by delaying seeing their patients and diverting their patients to other employees, and by refusing to replace their outdated equipment while doing so for other employees. Plaintiffs further allege that Dr. Hardy created a stressful work environment by making offensive comments, including telling plaintiffs that they should "go dance naked in the window." Clerk's Papers, at 104, 109.

In July 1985 defendant terminated plaintiff Bowden who was then 60 years old. Following her sister's discharge plaintiff Bennett contends that Dr. Hardy continued to sustain the hostile work environment. Plaintiffs hired an attorney who informed Dr. Hardy that his discharge of Ms. Bowden constituted age discrimination and wrongful discharge, and that any further action taken against Ms. Bennett would be considered retaliatory. In March 1986 defendant terminated plaintiff Bennett who was then 61 years old.

Plaintiffs allege that their terminations from defendant's employ were based upon their age as well as in retaliation for plaintiff Bennett's resistance to defendants' discriminatory practices. On defendant's motion for summary judgment, the trial court concluded that no statutory cause of action for age discrimination existed because RCW 49.60, Washington's Law Against Discrimination, applied only to

firms employing eight or more persons. *See* RCW 49.60-.040's employer definition. Because there existed no factual dispute that during the period of defendant's allegedly discriminatory practices he had never employed eight or more individuals, the trial court granted defendant's motion for summary judgment, dismissing plaintiffs' statutory age discrimination claims and their common law claims for wrongful discharge in violation of the public policy of the State of Washington.[2]

We hold that a cause of action for age discrimination is implied under RCW 49.44.090. We reach the question of whether there exists a wrongful discharge tort based on Washington's public policy only in the context of plaintiff Bennett's retaliatory discharge claim. Further, because we hold that plaintiffs' causes of action are not limited by RCW 49.60.040's employer definition, we do not reach plaintiffs' claim that the statutory scheme treats employees of small firms in such a way as to offend the state constitution's privileges and immunities clause.

Preliminarily, defendant contends that plaintiffs did not properly preserve certain issues in their appeal. *See* RAP 2.5(a). These issues include plaintiff Bennett's claim of retaliatory discharge and plaintiffs' argument that RCW 49.44.090 and RCW 49.60 create separate and distinct causes of action.

A review of the record reveals that the first of these issues, plaintiff Bennett's retaliatory discharge, was in fact raised in plaintiffs' complaint and their memorandum in opposition to summary judgment. Clerk's Papers, at 3, 92. Plaintiffs may have framed their argument more clearly at this stage, but so long as they advanced the issue below, thus giving the trial court an opportunity to consider and rule on the relevant authority, the purpose of RAP 2.5(a) is served and the issue is properly before this court. *East Gig Harbor Imp. Ass'n v. Pierce Cy.*, 106 Wn.2d 707, 709 n.1,

---

[2]Plaintiffs' complaint alleged various other claims under contract and tort theories which are not at issue in this appeal.

724 P.2d 1009 (1986) (citing *Osborn v. Public Hosp. Dist. 1,* 80 Wn.2d 201, 492 P.2d 1025 (1972)).

The other issue which defendant maintains was not raised below and therefore is not properly before this court is plaintiffs' argument that RCW 49.44.090 and RCW 49.60 create separate and distinct causes of action. The record does not reveal any specific request by plaintiffs that the trial court consider these statutes independently from one another. In fact, no mention of RCW 49.44.090 is found in plaintiffs' memorandum opposing summary judgment. However, a statute not addressed below but pertinent to the substantive issues which were raised below may be considered for the first time on appeal. *State v. Fagalde,* 85 Wn.2d 730, 732, 539 P.2d 86 (1975). Both RCW 49.44.090 and RCW 49.60 relate to discriminatory practices in employment. Therefore it is both appropriate and necessary for this court to consider these two obviously related statutes in determining whether plaintiffs' cause of action exists.

Moreover, we have recognized another exception to the general rule and have considered issues not raised below "when the question raised affects the right to maintain the action." *Maynard Inv. Co. v. McCann,* 77 Wn.2d 616, 621, 465 P.2d 657 (1970). *New Meadows Holding Co. v. Washington Water Power Co.,* 102 Wn.2d 495, 498, 687 P.2d 212 (1984). The central issue of this case is plaintiffs' right to maintain their action. Under this exception consideration of RCW 49.44.090 is appropriate.

Finally, we note that the application of RAP 2.5(a) is ultimately a matter of the reviewing court's discretion. *Obert v. Environmental Research & Dev. Corp.,* 112 Wn.2d 323, 333, 771 P.2d 340 (1989). Even if there was a question regarding the application of one of the above discussed exceptions, in this instance we would exercise our discretion and consider whether RCW 49.44.090 supplies a basis independent from RCW 49.60 for plaintiffs' cause of action because it is necessary to our rendering a proper decision.

*Falk v. Keene Corp.*, 113 Wn.2d 645, 659, 782 P.2d 974 (1989) ("[a]n appellate court has inherent authority to consider issues which the parties have not raised if doing so is necessary to a proper decision").

Defendant also claims that plaintiffs failed in their evidentiary burdens when opposing defendant's motion for summary judgment. However, the record demonstrates that the trial court did not reach any factual issues but instead based its ruling solely upon a determination that the law precluded plaintiffs' causes of action. Report of Proceedings, at 2, 7. Questions regarding the sufficiency of plaintiffs' evidence are for the trial court's future determination on remand. We emphasize that by recognizing a cause of action under which plaintiffs may advance their claims, we do not make any judgments regarding their ability to sustain their burdens of proving age discrimination as set forth in *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 363–64, 753 P.2d 517 (1988).

# I
## IMPLIED CAUSE OF ACTION UNDER RCW 49.44.090

RCW 49.44.090 makes it an unfair employment practice

(1) For an employer . . . because an individual is between the ages of forty and seventy, to refuse to hire or employ or license or to bar or to terminate from employment such individual, or to discriminate against such individual in promotion, compensation or in terms, conditions or privileges of employment . . ..

RCW 49.44 is silent regarding remedies against an employer engaged in this "unfair practice"; the chapter also does not define "employer."

■ "It has long been recognized that a legislative enactment may be the foundation of a right of action." *McNeal v. Allen*, 95 Wn.2d 265, 274, 621 P.2d 1285 (1980) (Brachtenbach, J., dissenting). Further,

we can assume that the legislature is aware of the doctrine of implied statutory causes of action and also assume that the legislature would not enact a remedial statute granting rights to an identifiable class without enabling members of that class

to enforce those rights. Without an implicit creation of a remedy, the statute is meaningless.

*McNeal,* at 277 (Brachtenbach, J., dissenting).

And as a majority of this court has stated, when a "statute . . . [has] provided a right of recovery, it is incumbent upon the court to devise a remedy. *See* 2A C. Sands, *Sutherland's Statutes and Statutory Construction* § 55.03 (4th ed. 1973)." *State v. Manuel,* 94 Wn.2d 695, 699, 619 P.2d 977 (1980); *see also Krystad v. Lau,* 65 Wn.2d 827, 846, 400 P.2d 72 (1965) (implying a right of action under the state's labor relations act for an employee who claimed that his employer, in violation of the statute, had interfered with the employee's labor activities); *State ex rel. Phillips v. State Liquor Control Bd.,* 59 Wn.2d 565, 570, 369 P.2d 844 (1962) ("[c]ourts have consistently held that when a statute gives a new right and no specific remedy, the common law will provide a remedy").

The Restatement of Torts recognizes the implied right of action:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

Restatement (Second) of Torts § 874A (1979).

The federal courts also recognize an implied cause of action under a statute which provides protection to a specified class of persons but creates no remedy. *See, e.g., Cort v. Ash,* 422 U.S. 66, 45 L. Ed. 2d 26, 95 S. Ct. 2080 (1975); *In re WPPSS Sec. Litig.,* 823 F.2d 1349 (9th Cir. 1987).

Borrowing from the test used by federal courts in determining whether to imply a cause of action, we must resolve the following issues: first, whether the plaintiff is within the class for whose "especial" benefit the statute was enacted; second, whether legislative intent, explicitly or implicitly, supports creating or denying a remedy; and third, whether

implying a remedy is consistent with the underlying purpose of the legislation.[3] *WPPSS Securities Litigation*, 823 F.2d at 1353.

Plaintiffs, employees who were aged 60 and 61 at the time of their discharges, are clearly part of the class of persons entitled to the protection of RCW 49.44.090. The statute creates a right on the part of employees within the protected class to be free from age discrimination by their employers but does not indicate explicitly an intent to create a remedy. However, as noted above, we may rely on the assumption that the Legislature would not enact a statute granting rights to an identifiable class without enabling members of that class to enforce those rights. Moreover, the purpose of this legislation is obviously to confront the problem of age discrimination by employers, and according a private right of action to persons within the protected class is consistent with this underlying legislative purpose.

▇ Therefore, we hold that because RCW 49.44.090 makes it an unfair employment practice to discriminate against an employee who is between the ages of 40 and 70 based upon her age, but provides no express method of redress against an employer who has engaged in such an unfair practice, there is an implied right of action for plaintiffs alleging violations of that statute.

▇ For the elements of this cause of action, we look to our recent opinion in *Grimwood v. University of Puget Sound, Inc., supra,* in which we identified the necessary criteria for establishing an age discrimination claim under RCW 49.60. There, because RCW 49.60 did not provide any specific criteria for age discrimination claims, we looked to criteria developed by federal courts under a similar federal statute. *Grimwood,* at 361. We reviewed the

> four elements sufficient to make out a prima facie age discrimination case: (1) that the employee was within the statutorily

---

[3]The fourth factor in the federal analysis identified by the Supreme Court in *Cort,* whether the substantive area requires reserving a matter of state concern for the states, is not applicable in our analysis.

protected age group; (2) was discharged; (3) was doing satisfactory work; and (4) was replaced by a younger person.

*Grimwood,* at 362 (citing *Roberts v. ARCO,* 88 Wn.2d 887, 892, 568 P.2d 764 (1977); *Brady v. Daily World,* 105 Wn.2d 770, 777, 718 P.2d 785 (1986); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973)). We noted that "these four elements are not absolutes." *Grimwood,* at 362.

We looked to *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir. 1979) and agreed with that court

> that the burden of *persuasion* remains at all times upon the plaintiff. Once a plaintiff has made out a prima facie case, the employer must articulate a legitimate, nondiscriminatory reason for termination. The employer's burden at this stage is not one of persuasion, but rather a burden of production. To go forward, the employer need only articulate reasons sufficient to meet the prima facie case. . . . Once the employer fulfills his burden of production, to create a genuine issue of material fact the plaintiff must satisfy his ultimate burden of persuasion and show that the employer's articulated reasons are a mere pretext for what, in fact, is a discriminatory purpose.

(Citation omitted.) *Grimwood,* at 363–64.

Because the subject matter of the two statutes is similar, we adopt the elements and burdens as explained in the *Grimwood* opinion for establishing a cause of action under RCW 49.44.090.

## II
### PUBLIC POLICY BASED WRONGFUL DISCHARGE TORT

The next issue is whether plaintiffs' claims fall within the wrongful discharge tort recognized by this court in *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 685 P.2d 1081 (1984). Prior to *Thompson* Washington adhered to the common law rule that employment contracts are terminable at will by either party. *Thompson,* at 225. In *Thompson* we announced several exceptions to this general rule including "a cause of action in tort for wrongful discharge if the discharge of the employee contravenes a clear mandate of public policy." *Thompson,* at 232. *See also Dicomes v. State,* 113 Wn.2d 612, 782 P.2d 1002 (1989).

Plaintiffs allege that defendant terminated them based on their ages and in retaliation for plaintiff Bennett's opposition to defendant's discriminatory practices. Because Washington State has public policies against age discrimination and retaliatory conduct in employment, plaintiffs argue, defendant's termination of them in violation of these policies provides the basis for a wrongful discharge cause of action.

With respect to plaintiffs' claims that their terminations were age motivated, we decline to address whether defendant's conduct provides the basis for a wrongful discharge tort because we conclude that the implied cause of action under RCW 49.44.090 recognized above encompasses these claims. In reaching this conclusion, we have examined the language of RCW 49.44.090. That statute prohibits certain types of employer conduct; that conduct, then, will provide the basis for a cause of action for violation of the statute. Specifically, the statute prohibits "terminat[ions] from employment" based on age. Therefore, if plaintiffs can prove that defendant terminated them on the basis of their age, they will have established a clear violation of the statute's prohibition against age–motivated terminations.

We next consider plaintiff Bennett's claim that, in addition to being unlawfully based on age, her discharge was also in retaliation for her opposition to her employer's discriminatory practices. She alleges that following defendants' creation of an age–hostile work environment and plaintiff Bowden's discharge in July 1985, she hired an attorney who warned defendant that any subsequent action against plaintiff Bennett would be considered retaliatory. In March 1986 defendant terminated plaintiff Bennett's employment. She claims that this discharge was in response to her resistance to his discriminatory practices and as such violates public policy and provides a basis for a separate tort of wrongful discharge.

Unlike the age–motivated discharges, the retaliatory conduct of defendant is not encompassed within the express prohibitions of RCW 49.44.090. As to this claim,

then, we consider whether it falls within the wrongful discharge tort recognized in *Thompson v. St. Regis Paper Co., supra.*

█ In *Thompson* we indicated that "to state a cause of action, the employee must plead and prove that a stated public policy, either legislatively or judicially recognized, may have been contravened." *Thompson,* at 232. Recently we discussed at length the public policy tort, indicating that "[t]he key in these cases is the proper definition of public policy." *Dicomes,* at 617. We may look to the letter or purpose of a statute to find a contravention of public policy. *Dicomes,* at 620.

In *Dicomes* "we recognize[d] the public policy found in protecting employees who are discharged in retaliation for reporting employer misconduct, *i.e.,* employee 'whistleblowing' activity." *Dicomes,* at 618. In the context of public employment, we noted that the Legislature had announced a similar policy. *Dicomes,* at 618.

Plaintiff Bennett sought legal assistance in response to allegedly unlawful employer conduct. This is not the same employee activity that was at issue in *Dicomes,* but because plaintiff's conduct is similar to employee "whistleblowing," we apply by analogy the *Dicomes* analysis. In that case, we indicated that

> In determining whether retaliatory discharge for employee whistleblowing activity states a tort claim for wrongful discharge under the public policy exception, courts generally examine the degree of alleged employer wrongdoing, together with the reasonableness of the manner in which the employee reported, or attempted to remedy, the alleged misconduct.

*Dicomes,* at 618–19.

Applying the *Dicomes* employee whistleblowing analysis here, if Ms. Bennett can prove that defendant's discharge of her sister was age motivated, or that any of the terms or conditions of her employment were age related, then the employer wrongdoing which she resisted is a clear violation of RCW 49.44.090. Ms. Bennett responded by hiring an attorney to protect herself from similar discriminatory practices. Certainly an employee's seeking the assistance of

legal counsel when confronted with discrimination in her workplace is not an unreasonable manner of attempting to remedy employer misconduct.

We conclude therefore that the alleged employer wrongdoing, unlawful discrimination, together with the reasonableness of the employee's response, the hiring of legal counsel, are sufficient to state a tort claim for wrongful discharge under the public policy exception.

This conclusion is further supported by the fact that the same employer misconduct and method of resisting that misconduct have been embraced by the Legislature. RCW 49.60.210 makes it an unfair practice for an employer to discriminate against a person because she has opposed practices forbidden by that chapter. When a person deems herself the subject of such an unfair practice, she can avail herself of the legal system by way of a civil action. RCW 49.60.030(2). Although RCW 49.60 is not applicable here because the defendants do not fit within that chapter's employer definition, the statute does indicate the Legislature's recognition that retaliatory discharge is an unfair employment practice and that seeking legal recourse is a reasonable employee response.

We hold that plaintiff Bennett has met her burden in pleading and proving a stated public policy which may have been contravened by her discharge. She has therefore stated a cause of action for wrongful discharge under the public policy exception.

At this point we emphasize that we again do not reach the question reserved in *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 367, 753 P.2d 517 (1988), as to "whether a cause of action exists for wrongful discharge in violation of public policy when the declaration of public policy is declared in a statute already providing a remedy." *But see Jones v. Industrial Electric–Seattle, Inc.*, 53 Wn. App. 536, 768 P.2d 520 (1989) (the Court of Appeals refused to recognize a wrongful discharge tort when a statutory remedy under RCW 49.17.160 was available to, but was not fully pursued by, the aggrieved employee). We do

not reach this question because the source of plaintiffs' rights to relief is RCW 49.44.090, a statute not providing an express remedy.

## III
### EFFECT OF RCW 49.60's EMPLOYER DEFINITION

The final issue is whether RCW 49.60.040's employer definition should apply outside chapter 49.60 and operate to bar an implied cause of action under RCW 49.44.090 or the public policy wrongful discharge tort when these claims are advanced by employees of a firm employing fewer than eight persons.

Several principles of statutory construction assist us in resolving this issue. First, "legislative bodies . . . are presumed to have full knowledge of existing statutes affecting the matter upon which they are legislating." *Louthan v. King Cy.*, 94 Wn.2d 422, 429, 617 P.2d 977 (1980). Second, "[a] court may not read into a statute those things which it conceives the Legislature may have left out unintentionally." *Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 509, 730 P.2d 1327 (1986).

RCW 49.60's definition section provides, "[a]s used in *this* chapter: . . . 'Employer' includes any person . . . who employs eight or more persons . . .". RCW 49.60.040. (Italics ours.) We hold that this employer definition does not operate to restrict "employer" as used in the separate chapter, RCW 49.44.090.

We presume that the Legislature is aware of the fact that two statutes address age discrimination in employment. We further presume that if the Legislature had intended to restrict the application of RCW 49.44.090 by a limited definition of employer as it did in RCW 49.60, the Legislature would have expressly done so.

Another principle of statutory construction provides that statutes relating to the same subject matter are to be considered together to ascertain legislative policy and intent. *In re Marriage of Little*, 96 Wn.2d 183, 189, 634 P.2d 498 (1981). Because RCW 49.60 and RCW 49.44.090

both address age discrimination in employment, it is appropriate for this court to consider statements of policy enunciated in RCW 49.60 to determine whether it was the Legislature's intent to incorporate limitations set forth in RCW 49.60 into RCW 49.44.090.

RCW 49.60, Washington's Law Against Discrimination, is a much broader statute than RCW 49.44.090. It recognizes a variety of areas, including, but not limited to, employment, in which citizens of Washington have a right to be free from various forms of discrimination. RCW 49.60.030. It specifically makes employment discrimination based upon age, sex, marital status, race, creed, color, national origin, or sensory, mental, or physical handicap an unfair practice. RCW 49.60.180. RCW 49.60.030(2) creates a civil cause of action for "[a]ny person deeming himself injured by any act in violation of this chapter . . .".

Significantly, RCW 49.60.020 expressly states that nothing in this chapter shall be "construed to deny the right to any person to institute any action or pursue any civil or criminal remedy based upon an alleged violation of his civil rights." "This language indicates legislative recognition that other means of redress than those in the state Statute should be available." *Seattle Newspaper–Web Pressmen's Union Local 26 v. Seattle*, 24 Wn. App. 462, 467, 604 P.2d 170 (1979).

RCW 49.60 is a broad remedial statute evidencing the Legislature's desire to confront many forms of discrimination. *See Bulaich v. AT&T Information Sys.*, 113 Wn.2d 254, 258, 778 P.2d 1031 (1989). The statute's purpose section declares discrimination to be a "matter of state concern, that . . . threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state." RCW 49.60.010. There is nothing within this broad statement of purpose to suggest that the employer definition found in RCW 49.60-.040 was intended by the Legislature to narrow the state's overall policy against age discrimination as defendant suggests.

■ Ultimately, in resolving a question of statutory construction, this court will adopt the interpretation which best advances the legislative purpose. *In re R.,* 97 Wn.2d 182, 187, 641 P.2d 704 (1982). It would be inconsistent with the express statements of broad purpose quoted above to apply any limiting aspect of RCW 49.60 outside the chapter itself.

■ It is important to consider why the Legislature may have included a size limitation in its definition of employer. We find no explanation in the legislative history of the act but we are provided two possible reasons by the State Human Rights Commission. Considering the Commission's interpretation is appropriate because "[i]n interpreting a statute, great weight must be accorded to the contemporaneous construction placed upon it by officials charged with its enforcement, particularly where that construction has been accompanied by silent acquiescence of the legislative body over a long period of time." *Newschwander v. Board of Trustees,* 94 Wn.2d 701, 711, 620 P.2d 88 (1980).

The Commission identifies its purposes for exempting small businesses from its regulation:

(a) To relieve small businesses of a regulatory burden; and
(b) In the interest of cost effectiveness, to confine public agency enforcement of the law to employers whose practices affect a substantial number of persons.

WAC 162–16–160(2).

RCW 49.60 created the Human Rights Commission to eliminate and prevent discrimination. RCW 49.60.010. Given limited resources for the implementation of this goal the Legislature and the Commission were necessarily required to identify the scope of the agency's regulations, thus, at least according to the Commission, the employer size definition was created. The purposes announced by the Commission for exempting small businesses from regulation will in no way be interfered with by permitting private causes of action against employers whose size keeps them outside the scope of public agency regulation. Moreover,

permitting private actions by individual plaintiffs can only assist the Commission in furthering the goal of preventing and eliminating employment discrimination.

In conclusion we hold that the employer size definition of RCW 49.60.040 does not apply outside chapter 49.60 and so does not operate to bar either of the claims recognized above.

Based on the foregoing analysis, we reverse the trial court's grant of defendants' motion for summary judgment and remand this case for trial.

CALLOW, C.J., UTTER, DOLLIVER, ANDERSEN, DURHAM, and SMITH, JJ., and CUNNINGHAM and PEARSON, JJ. Pro Tem., concur.