JOSEPH SALUSTI & another,[1] trustees,[2] *vs.* TOWN OF
WATERTOWN.

Middlesex. May 3, 1994. - July 7, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Massachusetts Tort Claims Act. Practice, Civil*, Summary judgment. *Municipal Corporations*, Liability for tort, Duty to prevent harm, Governmental immunity. *Actionable Tort. Governmental Immunity. Fire Fighter*, Municipality's liability. *Negligence*, Municipal employee, Fire, Foreseeability of harm.

Where a municipality's duties to provide an adequate supply of water for fighting fires and to keep and inspect hydrants and water lines are duties owed to the public at large, a hydrant in a state of disrepair in the vicinity of plaintiffs' property was not sufficient to create a special duty to the plaintiffs; their claim under G. L. c. 258, § 2, for fire damage to their property based on an alleged insufficient water supply was properly dismissed. [204-205] WILKINS, J., with whom ABRAMS, J., joined, concurring.

Summary judgment was properly entered in favor of a town on a claim for negligent firefighting in accordance with *Cyran* v. *Ware*, 413 Mass. 452, 455 (1992). [205]. WILKINS, J., with whom ABRAMS, J., joined, concurring.

No reason appeared for this court to consider the effect of amendments to G. L. c. 258, § 10, on certain claims for negligence brought against a town pursuant to G. L. c. 258, § 2, where the claims were in any event precluded under common law rules. [205] WILKINS, J., with whom ABRAMS, J., joined, concurring.

CIVIL ACTION commenced in the Superior Court Department on July 5, 1990.

A motion to dismiss was heard by *Margot Botsford*, J.; a motion for summary judgment was heard by *Catherine A.*

---

[1] Phyllis Salusti.

[2] Of the Phyllis Salusti Realty Trust.

*White*, J.; and a motion to reconsider the prior motion for summary judgment was heard by *Elizabeth Butler*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas P. Collins* for the plaintiffs.

*Joseph L. Tehan, Jr.* (*John G. Gannon* with him) for the defendant.

*Scott Harshbarger*, Attorney General, & *Eleanor Coe Sinnott*, Assistant Attorney General, for the Commonwealth, amicus curiae, submitted a brief.

NOLAN, J. The plaintiffs, Joseph Salusti and Phyllis Salusti, trustees of the Phyllis Salusti Realty Trust (trust), brought two claims against the defendant town of Watertown (town), under the Massachusetts Tort Claims Act, G. L. 258, § 2 (1992 ed.). Count one alleged negligent inspection of and failure to repair fire hydrants in the area of the trust property. Count two alleged negligence in firefighting. The town's motion to dismiss count one, concerning the alleged negligent inspection and failure to repair, was allowed. The town's motion for summary judgment on count two was denied, but its subsequent motion for reconsideration was allowed, and it was granted summary judgment. The plaintiffs appealed. We transferred the appeal to this court on our own motion. We consider the facts in a light most favorable to the plaintiffs, see *Conley* v. *Massachusetts Bay Transp. Auth.*, 405 Mass. 168, 173 (1989), and we affirm.

On July 19, 1987, a commercial office building owned by the trust and located in the town caught fire. The town's fire department reported to the scene and attempted to contain and extinguish the fire. The building sustained severe fire damage. The Salustis' complaint alleges that the town's fire department was unable to contain the fire successfully because of an inadequate water supply and because of negligent firefighting tactics.

The Salustis assert that three fire hydrants located in the area of the trust's premises were inoperable at the time of the fire. This failure, they assert, resulted in an inadequate supply of water for fighting the fire. The Salustis further al-

lege that the town's fire department employees were negligent in fighting the fire by opening a hole in the side of the building without taking sufficient precautions. This conduct, they assert, intensified the fire, causing additional property damage.

On appeal, the Salustis argue that the motion judges erred in dismissing count one and in allowing the town's motion for summary judgment as to count two. The Salustis contend that the public duty rule does not preclude their claims. They further assert that recent legislative amendments to the Massachusetts Tort Claims Act (which concededly bar their claims) are unconstitutional. We address the issues.

1. *Common law rule.* We have ruled that a municipality will not be held liable for negligent conduct under G. L. c. 258, § 2, where the municipality's duty of care is owed to the public at large, and not to any particular individual. See *Cyran* v. *Ware*, 413 Mass. 452, 455 (1992); *Dinsky* v. *Framingham*, 386 Mass. 801, 809 (1982). "We have applied the public duty rule to bar governmental liability unless the statutes or contracts governing the public employee's duties justifiably allow the conclusion that a special duty was owed." *Cyran, supra* at 454. In *Cyran*, we ruled that the defendant town's fire department could not be held liable for allegedly negligent firefighting. We stated that, "[a]s a general rule no liability attaches for failure to use due care in carrying out general governmental functions such as police or fire protection . . . because the duty of due care is owed to the general public and not to any specific individual." *Id.* at 455, quoting *Dinsky, supra* at 807.

a. *Count 1: inoperable hydrants.* The Salustis, citing *Irwin* v. *Ware*, 392 Mass. 745, 762 (1984), argue that a special duty was created by the town's conduct in causing the disrepair of one fire hydrant, and in failing to inspect and repair it and other hydrants in the vicinity of their property. We disagree.

The duty to provide an adequate supply of water for fighting fires, consistent with the general duty to provide fire protection, is a duty owed to the public at large. The duty to

keep and inspect hydrants and water lines is thus also a duty owed to the general public. That a hydrant in a state of disrepair is in the vicinity of the Salustis' property is not sufficient to create a special duty.

In *Dinsky, supra* at 810, we held that a municipality's alleged negligent issuance of a building permit and its failure to enforce the State Building Code was not actionable conduct, "in the absence of a special duty owed to the plaintiffs, different from that owed to the public at large." In so holding, we stated: "The tremendous exposure to liability that could result from . . . a [contrary] decision would likely dissuade municipalities from enacting regulations designed for the protection and welfare of the public." *Id.*

The conduct of the town in failing to repair the disabled hydrants is distinguishable from that found actionable in *Irwin, supra* at 762. Important to our holding in *Irwin, supra* at 756, was that "the risk created by the negligence of [the] municipal employee [was] of immediate and foreseeable physical injury." The town's conduct alleged in the present case did not create a risk of immediate harm, and is therefore outside the holding in *Irwin.*

There was no error in dismissing count one for failure to state a claim for which relief may be granted.

b. *Count 2: negligent firefighting.* The motion judge ruled that the Salustis' second claim falls directly within our holding in *Cyran, supra.* In *Cyran,* we ruled that our common law precludes actions against municipalities for negligent firefighting. There was no error. The town's motion for summary judgment on the Salustis' second claim was correctly allowed.

2. *General Laws c. 258, § 10.* Because the Salustis' claims are precluded under our common law rules, we need not address issues concerning G. L. c. 258, § 10 (1992 ed. & Supp. 1993), which recently was amended.

3. *Conclusion.* We affirm the dismissal of count one of the plaintiffs' complaint, and the allowance of the defendant's

motion for summary judgment as to count two of the complaint.

*Judgment affirmed.*

WILKINS, J. (concurring, with whom Abrams, J., joins). Because of views expressed by others in *Jean W.* v. *Commonwealth*, 414 Mass. 496 (1993), and because of the enactment of St. 1993, c. 495, § 57, amending G. L. c. 258, § 10, no useful purpose would be served in my considering the plaintiff's common law rights as if the public duty rule did not exist and the 1993 amendment had not been enacted.