186 P.3d 1081 (2008)
Kent DUCOTE, Appellant,
v.
STATE of Washington, DEPARTMENT OF SOCIAL & HEALTH SERVICES, Respondent.
No. 59275-1-I.
Court of Appeals of Washington, Division 1.
March 17, 2008.
Publication Ordered May 14, 2008.
Carla Jean Higginson, Attorney at Law, Friday Harbor, WA, Catherine Wright Smith, Edwards Sieh Smith & Goodfriend PS, Seattle, WA, for Appellant.
Catherine Hendricks, Assistant Attorney Gen., Seattle, WA, for Respondent.
BECKER, J.
¶ 1 Appellant was temporarily separated from his stepchildren as a result of a state investigation into allegations that he was guilty of child abuse. He brought suit against the State Department of Social and Health Services for negligent investigation. The statutory duty owed by the Department under RCW 26.44.050 does not extend to *1082 stepparents. The trial court correctly dismissed the claim.
¶ 2 Appellate review of summary judgment orders is de novo. We engage in the same inquiry as the trial court. All inferences and facts are viewed in the light most favorable to the moving party. Summary judgment is proper if the pleadings, depositions, admissions on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); Pettis v. State, 98 Wash.App. 553, 558, 990 P.2d 453 (1999).
¶ 3 Appellant Kent Ducote is the stepfather of his wife Dixie's three children. When Ducote and Dixie began dating in 1992, the oldest was six years old, the second child was fourteen months, and Dixie was two months pregnant with the third. They have lived together as a family since 1994 when Kent and Dixie married.
¶ 4 In March 2000 the oldest child, a girl then age fourteen, told her middle school counselor that Ducote had been physically violent with the middle child and sexually inappropriate with her. The counselor notified child protective services. In April, the Department of Social and Health Services placed the fourteen-year-old in emergency temporary shelter care and filed a dependency petition. After a shelter care hearing, the court placed the girl in foster care. The Department then filed dependency petitions for the two younger children as well. The court entered a temporary restraining order preventing Ducote from entering the family home.
¶ 5 After a lengthy fact-finding hearing, the court determined on January 25, 2001 that the children were not dependent.[1] Regarding the sexual misconduct allegations, the court found that the girl had misinterpreted Ducote's behavior. The court terminated the restraining order.
¶ 6 Two years later, Ducote filed this negligent investigation suit against the Department. The Department successfully moved for summary judgment on grounds that Ducote, a stepparent, lacked standing to bring such a suit. The Department relied on Blackwell v. Department of Social and Health Services, 131 Wash.App. 372, 127 P.3d 752 (2006). In Blackwell, foster parents claimed to be within the class of persons to whom the Department owes a statutory duty under RCW 26.44.050 when investigating child abuse. This court rejected the suit. "There is no case law supporting the expansion of DSHS's duty beyond biological parents and children." Blackwell, 131 Wash. App. at 376, 127 P.3d 752.
¶ 7 Ducote filed a motion for reconsideration alleging that he had standing to sue as a de facto or psychological parent. The trial court denied the motion. Ducote appeals.
¶ 8 There is no common law cause of action for negligent investigation. Dever v. Fowler, 63 Wash.App. 35, 44, 816 P.2d 1237 (1991); Pettis v. State, 98 Wash.App. 553, 558, 990 P.2d 453 (1999). But statutes can create an exception to the common law. Blackwell, 131 Wash.App. at 375, 127 P.3d 752. A cause of action will be implied from a statute if the plaintiff is within the class for whose "especial" benefit the statute was enacted, if the legislative intent explicitly or implicitly supports creating a remedy and if implying a remedy is consistent with the underlying purpose of the legislation. Bennett v. Hardy, 113 Wash.2d 912, 920, 784 P.2d 1258 (1990); Tyner v. Dep't of Soc. & Health Servs., 141 Wash.2d 68, 77-78, 1 P.3d 1148 (2000). Tyner applied the three-part test set forth in Bennett and concluded that RCW 26.44.050 implies a cause of action based on the Department's statutory duty to investigate child abuse:
Upon the receipt of a report concerning the possible occurrence of abuse or neglect, the law enforcement agency or the department of social and health services must investigate and provide the protective services section with a report in accordance with chapter 74.13 RCW, and where necessary to refer such report to the court.
RCW 26.44.050. Tyner confirmed earlier cases in which this court recognized an implied cause of action. Lesley v. Dep't of Soc. & Health Servs., 83 Wash.App. 263, 273, 921 *1083 P.2d 1066 (1996) (biological parents had a cause of action against department when department mistook their daughter's birthmarks for bruises and removed the girl from parental custody); Yonker v. Dep't of Soc. & Health Servs., 85 Wash.App. 71, 81-82, 930 P.2d 958 (1997) (mother and her son, who was allegedly abused, fell within the particular and circumscribed class of individuals the legislature intended to protect in enacting RCW 26.44). Tyner also confirmed that the duty to use reasonable care in investigating allegations of child abuse is owed to a child's parents, "even those suspected of abusing their own children." Tyner, 141 Wash.2d at 82, 1 P.3d 1148. This is because the statute declaring the purpose of RCW 26.44.050 recognizes the "paramount importance" of the "bond between a child and his or her parent, custodian, or guardian." RCW 26.44.010; Tyner, 141 Wash.2d at 78, 1 P.3d 1148. The Department does not, however, owe the duty to child care providers or foster parents because they are not within the statutorily defined class of parent, custodian, or guardian. Pettis, 98 Wash.App. at 560, 990 P.2d 453; Blackwell, 131 Wash.App. at 376-77, 127 P.3d 752.
¶ 9 Ducote contends the statutory duty owed to a "parent, custodian or guardian" extends to stepparents as well because the harm addressed by the statute is unnecessary interference with the integrity of the family.
¶ 10 The plain language of the statute does not include stepparents. The omission is rationally based, because parents (including adoptive parents), guardians and custodians have legal obligations to children that are more enduring than the obligations of stepparents to stepchildren. See, e.g., Harmon v. Dep't of Soc. and Health Servs., 134 Wash.2d 523, 541, 951 P.2d 770 (1998) (support obligation of stepparent does not extend beyond termination of marriage to child's parent).
¶ 11 Ducote argues that legislative intent to extend the duty to stepparents and other members of a family who provide parental-type care to children is found in RCW 74.13. In that statute, the department's duty to investigate complaints of child abuse is paired with a mandate to "offer child welfare services in relation to the problem to such parents, legal custodians, or persons serving in loco parentis." RCW 74.13,031(3) (emphasis added).[2]
¶ 12 This argument warrants scant mention because it was not raised in the trial court. And in any event the cases discussing the tort of negligent investigation of child abuse have all located its statutory source in RCW 26.44.050. While RCW 26.44.050 refers to RCW 74.13, it is only to say that the investigator must provide "a report in accordance with chapter 74.13 RCW."
¶ 13 Ducote also points to Tyner's reference to the declaration of the importance of the family found in RCW 13.34.020. He contends that the analysis in Tyner shows that the Department's duty to use reasonable care is owed to anyone in the existing family unit who is damaged by state intervention. But Tyner, like the Court of Appeals decisions preceding it, identified RCW 26.44,010 and .050 as the source of the duty. In referring to RCW 13.34.020, the court was responding to the department's argument that allowing alleged child abusers to bring suit for negligent investigation was inconsistent with the statute's primary goal of protecting children. The court used RCW 13.34,020 simply to show that the goal of protecting children is not inconsistent with *1084 the goal of avoiding needless separation of children from other family members.
¶ 14 If the duty of care is to be extended to stepparents, the proper body to make that decision is the legislature.
WE CONCUR: APPELWICK, C.J., and BAKER, J.
NOTES
[1] Clerk's Papers at 77.
[2] "The department shall . . .

"(3) Investigate complaints of any recent act or failure to act on the part of a parent or caretaker that results in death, serious physical or emotional harm, or sexual abuse or exploitation, or that presents an imminent risk of serious harm, and on the basis of the findings of such investigation, offer child welfare services in relation to the problem to such parents, legal custodians, or persons serving in loco parentis, and/or bring the situation to the attention of an appropriate court, or another community agency: PROVIDED, That an investigation is not required of nonaccidental injuries which are clearly not the result of a lack of care or supervision by the child's parents, legal custodians, or persons serving in loco parentis. If the investigation reveals that a crime against a child may have been committed, the department shall notify the appropriate law enforcement agency." RCW 74.13.031(3).