[No. 79573-8.   En Banc.]
Argued October 25, 2007.   Decided October 23, 2008.

CALVIN FISK ET AL., *Appellants*, v. THE CITY OF KIRKLAND, *Respondent*.

*William E. Pierson, Jr.* (of *Law Office of William E. Pierson, Jr., PC*), for appellants.

*Randal W. Ebberson* and *Stewart A. Estes* (of *Keating Bucklin & McCormack*), for respondent.

¶1 CHAMBERS, J. — Calvin and Gloria Fisk's recreational vehicle (RV) caught fire while the Fisks were driving on an interstate highway near Kirkland. They called 911 and the city of Kirkland Fire Department responded. Unfortunately, the first fire hydrant that the fire department attempted to use had insufficient water pressure. The Fisk's RV continued to burn while the department connected to a different hydrant. The Fisks sued the city (the owner of the fire hydrant), arguing that its failure to maintain the hydrant resulted in damages to their property. We must decide whether the city owed a duty to the Fisks to provide sufficient water to suppress the fire. Finding it did not, we affirm dismissal of this case.

## FACTS AND PROCEDURAL HISTORY

¶2 In January 2004, Calvin and Gloria Fisk were driving their 36-foot RV on Interstate 405 when they smelled something burning. They pulled over and found that their

RV was on fire. The Kirkland Fire Department responded to their 911 call and attempted to connect to a nearby fire hydrant. Unfortunately, that hydrant could not supply adequate water pressure. The city admits that the lack of water from that hydrant delayed suppression of the fire. The Fisks sustained $146,665.50 in damages.

¶3 The water division of the city of Kirkland's public works department operates a water system that, among other things, provides water to fire hydrants within the city. The Fisks sued the city, claiming it had negligently failed to ensure that the first fire hydrant was capable of providing sufficient water to suppress the fire and that the city's negligence was a proximate cause of their injuries. The city responded that it had no duty to provide the Fisks water for fire suppression purposes. The trial court agreed with the city and dismissed the lawsuit. We accepted direct review.

## ANALYSIS

¶4 The Fisks argue that the city owed them a duty to provide sufficient water for fire suppression under RCW 80.28.010(2), which provides all water companies must "furnish and supply such service, instrumentalities and facilities as shall be safe, adequate and efficient." The chapter also provides a remedy if the water company fails to comply:

> In case any public service company . . . shall omit to do any act, matter or thing required to be done, either by any law of this state, by this title or by any order or rule of the commission, such public service company shall be liable to the persons or corporations affected thereby for all loss, damage or injury caused thereby or resulting therefrom.

RCW 80.04.440.

■ ¶5 The city argues that it is not a "water company" under RCW 80.04.010 because the statute does not regulate municipal corporations. It relies upon *Silver Firs Town Homes, Inc. v. Silver Lake Water Dist.*, 103 Wn. App. 411, 421, 12 P.3d 1022 (2000), where the Court of Appeals concluded that a particular water district was "a municipal

corporation, not a 'water company' and . . . not subject to the [Washington Utilities and Transportation Commission]'s jurisdiction." However, under RCW 80.04.010, a "[w]ater company" includes "every city or town owning, controlling, operating, or managing any water system for hire within [Washington]." We concede that the *Silver Firs* court was arguably imprecise. But cities are plainly included in the statutory definition of a "water company." The imprecision in *Silver Firs* may come from the fact that the Washington Utilities and Transportation Commission has limited control over municipal utilities. *See* RCW 80.04.010 (including cities), .500 (limiting commission control). In *Earle M. Jorgensen Co. v. City of Seattle*, 99 Wn.2d 861, 868, 665 P.2d 1328 (1983), we put it more strongly: "[m]unicipal utilities are exempted from the control of the Utilities and Transportation Commission." But that does not lead to the conclusion that the water system operated by the city of Kirkland is not a water company under Title 80 RCW. Under the plain language of the statute, it is.

¶6 The next question is whether the city owed a duty to the Fisks. *Bennett v. Hardy*, 113 Wn.2d 912, 920-21, 784 P.2d 1258 (1990). Plaintiffs, basing their claims on a statute, must establish that they fall within the class of persons intended to be protected by that statute. *Id.* When examining regulatory statutes and ordinances, we have held that if the statute serves the general public welfare instead of an identifiable class of persons, then there is no duty to any individual unless a specific exception applies. *J&B Dev. Co. v. King County*, 100 Wn.2d 299, 304-05, 669 P.2d 468 (1983); *Halvorson v. Dahl*, 89 Wn.2d 673, 676, 574 P.2d 1190 (1978). The city argues that the relevant duties under Title 80 RCW apply only to water companies providing service or activities "for hire." Based on the plain language of the statute, we agree. RCW 80.04.440 provides that "any public service company . . . shall be liable to the persons or corporations affected." " 'Public service company' includes . . . water company." RCW 80.04.010. The term "water company" includes "every city or town owning,

controlling, operating, or managing any water system for hire." *Id.* Thus, the legislature limited the effect of the statute to the activity of providing water for hire. The legislature intended to regulate water systems engaged in the marketplace with consumers. Water provided for fire suppression is normally not provided for hire, nor is there any evidence before us to suggest that the city was acting in a proprietary capacity when it established its system of fire hydrants. We conclude that RCW 80.28.010 does not explicitly create a duty on the city of Kirkland to provide water for fire suppression purposes and, therefore, no duty to the Fisks in tort.

¶7 For similar reasons, the plaintiffs have not shown that this statute impliedly creates a cause of action. This court applies a three part test to determine whether a statute creates a cause of action. We must decide whether legislative intent, explicitly or implicitly, supports creating or denying a remedy; whether implying a remedy is consistent with the underlying purpose of the legislation; and (again) whether the plaintiff is within the class for whose "especial" benefit the statute was enacted. *Braam v. State*, 150 Wn.2d 689, 711, 81 P.3d 851 (2003) (quoting *Bennett*, 113 Wn.2d at 920-21). The city points out that most courts considering the matter have found that there is no municipal liability for injuries growing out of negligence in failing to supply water to extinguish fires. *Pierce v. Vill. of Divernon*, 17 F.3d 1074, 1078 (7th Cir. 1994) (applying Illinois law); *Gilbertson v. City of Fairbanks*, 262 F.2d 734, 737-39 (9th Cir. 1959) (applying Alaska law to failure to supply electricity for water pumps); *Heieck & Moran v. City of Modesto*, 64 Cal. 2d 229, 232-33, 411 P.2d 105, 49 Cal. Rptr. 377 (1966); *Mills v. Moseley*, 50 Ga. App. 536, 537-38, 179 S.E. 159 (1935); *Gates v. Town of Chandler*, 725 N.E.2d 117, 119-20 (Ind. Ct. App. 2000); *Cross v. City of Kansas City*, 230 Kan. 545, 549, 638 P.2d 933 (1982); *Salusti v. Town of Watertown*, 418 Mass. 202, 204-05, 635 N.E.2d 249 (1994) (no liability for failure to maintain hydrant in good repair); *O'Dell v. City of Breckenridge*, 859 S.W.2d 166, 168-70 (Mo. Ct. App.

1993); *Kogel Lumber & Supply, Inc. v. Suffolk County Water Auth.*, 131 A.D.2d 728, 729, 517 N.Y.S.2d 42 (1987); *Zacharie v. City of San Antonio*, 952 S.W.2d 56, 59 (Tex. App. 1997); *Highway Trailer Co. v. Janesville Elec. Co.*, 187 Wis. 161, 165-66, 204 N.W. 773 (1925) (no liability for failure to maintain electrical current to pump water). *But see Long v. City of Weirton*, 158 W. Va. 741, 784-86, 214 S.E.2d 832 (1975) (overruling prior case law and abolishing municipal immunity); *Malter v. S. Pittsburgh Water Co.*, 414 Pa. 231, 234-35, 198 A.2d 850 (1964) (municipality may be liable for injuries caused by fire due to negligent maintenance of water system). We find nothing in the legislative intent, either explicit or implicit, to suggest a policy other than the national trend. Further, to hold a municipality liable for the inadequate supply of water for water suppression could lead to catastrophic liability for a municipality.[1]

¶8 We have noted that " 'it is not a tort for government to govern.' " *Cummins v. Lewis County*, 156 Wn.2d 844, 863, 133 P.3d 458 (2006) (Chambers, J., concurring) (quoting *Dalehite v. United States*, 346 U.S. 15, 57, 73 S. Ct. 956, 97 L. Ed. 1427 (1953) (Jackson, J., dissenting)). There are some activities that are so unique to government that there is no similar counterpart for which private persons or corporations may be liable. *J&B Dev. Co.*, 100 Wn.2d at 305. We hold that when a municipality provides water for fire suppression as a service to the public, the municipality is not liable in tort for negligence for the increased fire damage because of insufficient water pressure for fire suppression purposes.[2]

---

[1] Under the plaintiffs' approach, the city of Seattle would have been arguably accountable for the damages of the fire of 1889 which destroyed the city's downtown. *See The Great Seattle Fire* (on digital collections at the Univ. of Wash. Libraries), *available at* http://content.lib.washington.edu/extras/seattle-fire.html (last visited Oct. 17, 2008). If the legislature intended that level of liability to rest on the shoulders of any city that provided water for fire suppression, we tend to think it might have said so since then.

[2] We do not consider whether we would reach a different result if in fact the water was solely provided for hire to fight fires.

## CONCLUSION

¶9 The legislature did not intend to impose liability for the failure to provide water for fire suppression. It was unnecessary for the legislature to include the words "for hire" in RCW 80.04.010 if it intended liability to apply to all water company activities. Water provided by a municipal water company for fire suppression as a public service is not part of a water system for hire. The Fisks do not fall within the class of persons intended to be protected under Title 80 RCW. A municipal water company does not owe a duty to those whose fire damage is increased because of insufficient water for fire suppression purposes. We affirm the trial court.

ALEXANDER, C.J.; C. JOHNSON, SANDERS, OWENS, and FAIRHURST, JJ.; and BRIDGE, J. PRO TEM., concur.

¶10 MADSEN, J. (concurring) — I concur in the result reached by the majority. I write separately, however, because the majority erroneously relies on the test from *Bennett v. Hardy*, 113 Wn.2d 912, 784 P.2d 1258 (1990), in resolving this case.

¶11 The phrase "water system for hire" in RCW 80.04.010 denotes a proprietary function. The majority correctly concludes that the phrase "water system for hire" does not encompass the city of Kirkland's provision of water for fire suppression because the city was acting in a governmental capacity in conducting fire suppression activities. RCW 80.04.440 authorizes a cause of action for damages arising from the activities of a municipal water system, but it does so only to the extent the activities of the water system are related to a proprietary function. *See Employco Pers. Servs., Inc. v. City of Seattle*, 117 Wn.2d 606, 614-15, 817 P.2d 1373 (1991) (in light of RCW 80.04.440, city liable for city utility company's statutory failure to mark underground utilities, severing of which by city contractor resulted in power loss

to city's customers). Accordingly, the city is not amenable to suit under RCW 80.04.010 and RCW 80.04.440 for conduct of its fire suppression activities. This should be the end of the analysis, absent an exception to the public duty doctrine.

¶12 Instead of ending its analysis with the plain language of the statute, the majority conducts an analysis under *Bennett*. In *Bennett*, this court explored the question of whether an implied cause of action should be permitted where a *statute provides a right but not a remedy*. Part of that inquiry involves a determination whether the individual is among the class of persons upon whom the legislature conferred the right. *Bennett*, 113 Wn.2d at 920. Here, RCW 80.04.010 and RCW 80.04.440 do *not provide a right to anyone* in the context of fire suppression activities because the city was acting in its governmental capacity, not providing services "for hire." There is, therefore, no reason to apply *Bennett* because there is no question whether a cause of action must be implied in order to provide a remedy for a violation of a statutory right. *See Bennett*, 113 Wn.2d at 920 (quoting RESTATEMENT (SECOND) OF TORTS § 874A (1979) and adopting federal test for recognizing an implied cause of action under a statute that *provides protection to a specified class of persons but creates no remedy*). Moreover, RCW 80.04.440 *already* provides a cause of action for persons who are aggrieved under Title 80 RCW, making the *Bennett* test unnecessary in any event. Simply put, *Bennett* and its progeny have no place in the analysis in this case.

J.M. JOHNSON, J., concurs with MADSEN, J.