**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL CHILDS, | No. 12-35045 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01916-RAJ |
| v. | |
| MICROSOFT CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted December 5, 2012
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District
Judge.[**]

Russell Childs appeals the district court's Rule 12(b)(6) dismissal of claims

against Microsoft Corporation for breach of contract and promissory estoppel.  He

also appeals the district court's grant of summary judgment for Microsoft on his

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

state law tort claim of wrongful discharge in violation of public policy. We affirm the district court's rulings and decline to consider two arguments Childs raises for the first time on appeal: that Microsoft violated 42 U.S.C. § 1981, and that the crime-fraud exception applies to a Microsoft e-mail the district court deemed privileged.

1.      Childs failed to state a claim for breach of the February 2009 employment contract because he did not cite a provision of that contract that Microsoft violated. To the extent that Childs is attempting to assert that Microsoft Canada may have breached an earlier agreement it made with Childs in 2008, such a claim is not properly before this court. Childs did not plead breach of the 2008 contract in his complaint, nor did he seek at any point to amend his complaint to include such a claim. Childs also failed to state a claim for promissory estoppel because he did not plead facts plausibly showing that he detrimentally changed his position in reliance on Microsoft's promises. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Moreover, the doctrine of promissory estoppel is inapplicable here because a bargained-for contract governs the basis of Childs' claims. *See Klinke v. Famous Fried Chicken, Inc.*, 616 P.2d 644, 648 n.4 (Wash. 1980).

2.      To sustain a wrongful discharge claim, Childs was required to identify a "clear mandate of public policy" that was contravened by his termination.

2

*Bennett v. Hardy*, 784 P.2d 1258, 1263-64 (Wash. 1990). Childs initially argued that he was terminated in contravention of public policy because he opposed "unfair wage and benefit practices." But the statute Childs identified, RCW 49.60.210 of the Washington Law Against Discrimination (WLAD), covers only retaliation against employees who complain about discrimination, not about wage and benefits practices. *See* RCW 49.60. Childs then argued that WLAD provided a public policy on which to base his claim because he was terminated after opposing discriminatory labor practices based on his national origin. The district court correctly granted summary judgment for Microsoft on this theory, as Childs provided no evidence that Microsoft was engaged in national origin discrimination or that he ever complained about such discrimination.

The district court did not abuse its discretion in denying Childs' motion for reconsideration, which argued wrongful discharge predicated on RCW 44.49.140 and RCW 49.46.100. Even if we were to consider the merits of his claim for wrongful discharge based on those policies, Childs has not shown a genuine issue of material fact on the four necessary elements of the tort. *See Korslund v. DynCorp Tri-Cities Servs., Inc.*, 125 P.3d 119, 124-25 (Wash. 2005). Finally, for the first time on appeal, Childs argues that a federal immigration regulation, 20 C.F.R. § 655.801, provides the basis for his wrongful discharge claim. This

argument is untimely and we decline to address it.

**AFFIRMED.**