[No. 61553-5.    En Banc.    March 23, 1995.]

NINA M. BECKER, *Appellant,* v. THE COUNTY OF PIERCE, ET AL, *Respondents.*

12

*Carl Maxey, Dennis C. Cronin,* and *Donna R. McNamara,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Ronald L. Williams, Deputy,* for respondents.

*Christine O. Gregoire, Attorney General,* and *Jeffrey T. Even, Assistant,* amicus curiae for respondents.

ALEXANDER, J. — Nina Becker appeals directly to this court from a superior court order dismissing her declaratory judgment action against Pierce County, Brian Sonntag, and others. In her complaint, Becker challenged the nomination and election of Sonntag as State Auditor. We affirm the Superior Court's order dismissing Becker's complaint.

In the September 1992 primary election, Nina Becker and Brian Sonntag were two of three candidates vying to be the nominee of the Democratic Party for the office of State Auditor. Sonntag received the greatest number of votes in that election. He also received the greatest number of votes for State Auditor in the November 1992 general election. Consequently, Sonntag was issued a certificate of election as State Auditor.

At the time the 1992 primary and general elections were conducted, Sonntag was the duly elected and qualified Pierce County Auditor. As County Auditor, Sonntag had "overall responsibility to . . . conduct state and local elections" within Pierce County. RCW 29.01.043; RCW 29.04.020. Among Sonntag's statutory duties was the responsibility to "convene the county canvassing board to process the absentee ballots and canvass the votes cast" at each primary or general election. RCW 29.62.020.

Sometime before February 2, 1993, Becker complained in writing to the Secretary of State, the State's chief elections officer, about Sonntag's participation in the canvassing of ballots in Pierce County for the office of State Auditor.[1]

---

[1] It is unclear from the record as to when Becker first complained to the Secretary of State. Appended to Appellant's reply brief is a copy of a letter dated February 2, 1993, from Becker's counsel to Secretary of State Ralph Munro. In that letter, Becker's counsel states that Becker's "complaint is as previously stated by her in correspondence". Reply Br. of Appellant app. A-1. That prior correspondence is not part of the record on appeal.

Becker alleged in her letter that Sonntag had acted improperly in the certification of the September 1992 primary election for State Auditor, which actions, her attorney contended, "constitute[ ] a direct violation of RCW 29.62.030", a statute requiring special procedures when an election "is one at which the county auditor is to be nominated or elected". Reply Br. of Appellant app. A-1; RCW 29.62.030. On February 12, 1993, an assistant Attorney General replied to Becker on behalf of the Secretary of State, and informed her that after having considered her allegations, "and without expressing any opinion as to the merits of [the] matter, we have found no appropriate further action on behalf of the Secretary of State". Reply Br. of Appellant app. A-2. Approximately 1 year later, Becker commenced this action in Pierce County Superior Court, naming Pierce County, Brian Sonntag, and the other two members of the county canvassing board as defendants.[2]

In her complaint, denominated as a complaint for declaratory judgment, Becker asserted that Sonntag violated RCW 29.62.030 when he "did not recuse himself from participating in the canvass of his own election". Clerk's Papers, at 4. Becker alleged only that Brian Sonntag "participate[d] as a chair, or . . . a member of the elections canvassing board" in the primary in which he was a candidate. Clerk's Papers, at 4 (complaint for declaratory judgment). She did not allege that Sonntag, or either of the other members of the county canvassing board, committed any act of fraud or made any mistakes in the performance of their canvassing duties. The relief Becker sought was to have the September 1992 primary election in Pierce County declared invalid and that "the 1992 election of Brian Sonntag as State Auditor for the State of Washington be set aside".[3] Clerk's Papers, at 5.

---

[2]The other two Defendants are Roger Miener as the representative of the Pierce County Prosecuting Attorney and Paul Cyr as the representative of the county legislative authority. *See* RCW 29.62.020.

[3]Becker asserts that had all of the votes cast in Pierce County for all candidates for State Auditor been excluded from the statewide primary election

Sonntag[4] moved to dismiss Becker's complaint pursuant to the provisions of CR 12(b)(6), arguing that RCW 29.62.030 "does not apply to the State Auditor position". Clerk's Papers, at 17. The trial court granted the motion, orally stating that "the election that is cited in the statute that the county auditor should not sit upon as a member of the canvassing board is the election for county auditor, not for state auditor". Verbatim Report of Proceedings, at 15. It later entered a written order, consistent with its oral ruling, dismissing Becker's cause of action without prejudice. Becker sought and we granted direct review, concluding that the appeal presents issues of broad public importance involving a state officer. RAP 4.2(a)(4), (5).

I

The principal question presented by this appeal is whether an incumbent county auditor is prohibited from participating in the canvass of returns for *any* election in which he or she is a candidate. To resolve that question, we direct our attention to chapter 29.62 of the Revised Code of Washington, which is entitled "Canvassing the Returns", and specifically to RCW 29.62.030, a statute entitled "Special canvass for county auditor". At all times relevant to this case, that statute read exactly as it did when it was last amended in 1957:

> If the primary or election is one at which the county auditor is to be nominated or elected, canvass of the returns for that office shall be made by the other two members of the board; if the two disagree, the returns for that office shall be canvassed by the presiding judge of the superior court of the county.

RCW 29.62.030 (1994). (Recodified verbatim in 1965.)

■ Becker's contention, simply stated, is that the above-quoted statute dictates that the "county auditor should not participate in the canvassing of the votes in any race for

returns, Becker, not Sonntag, would have received the highest number of votes of any of the candidates of the Democratic Party for State Auditor.

[4] All of the Defendants were represented by the Pierce County Prosecuting Attorney and are hereinafter referred to collectively as Sonntag.

which he is a candidate". Br. of Appellant, at 6. She primarily advances a public policy argument in support of this contention, urging upon us the notion that if a candidate takes part in the certification of his or her own election that election becomes infected with a taint of possible dishonesty and unfairness. While this argument may state a commendable governmental goal in the conduct of elections, it is the Legislature, not this court, that is principally responsible for deciding such policy matters. *See State ex rel. Thorp v. Devin*, 26 Wn.2d 333, 339, 173 P.2d 994 (1946) ("[T]he legislature has the power, within constitutional limitations, to provide for the manner in which the result of an election shall be determined . . .").[5]

Our duty in this case is thus simply to interpret RCW 29.62.030, which all of the parties agree is the controlling statute. Unfortunately for Becker, the wording of that statute does not support her argument that then Pierce County Auditor Brian Sonntag was required to recuse from participating in the canvass of the returns in the 1992 primary election for the office of State Auditor. In our judgment, that statute provides only that the incumbent county auditor shall not participate in the canvass of primary or general election returns for "that office", the office of county auditor. It does not, as Becker asserts, apply whenever the incumbent county auditor is a candidate for any office.

Where the wording of a statute is unambiguous, its meaning is to be derived from the language of the statute alone.

---

[5]Less than 3 weeks after this court heard oral argument in this case, committees in both houses of the Washington State Legislature conducted hearings on a bill to amend RCW 29.62.030. The Senate Committee on Government Operations considered SB 5273, and the House Committee on Government Operations considered HB 1233. Both bills were requested by the Secretary of State. If enacted, either bill would amend RCW 29.62.030 to read, in relevant part:

> If the primary or election is one at which a member, or the officer designating a member, of the canvassing board is a candidate for an office, decisions regarding the determination of a voter's intent with respect to a vote cast for that specific office shall be made by the other two members of the board . . ..

*Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991). This statute is not ambiguous. We reach that conclusion because the statute affirmatively mentions only one office: county auditor. Thus, when the statute refers to "that office" it can refer to no office other than the office of county auditor.

As we have noted, Becker contends that the statute precludes a county auditor from canvassing the returns for any office for which the county auditor is a candidate. She reasons that the words *county auditor* in the statute do not refer to the Office of the County Auditor, but rather mean the individual currently occupying the office of county auditor. Thus, Becker would have us read the relevant portions of the statute to say:

> If the primary or election is one at which the *incumbent* auditor is to be nominated or elected, canvass of the returns for that office *for which the incumbent auditor is a candidate* shall be made by the other two members of the board . . ..

However, if, as Becker asserts, "county auditor" means the person currently serving as county auditor, and that person does not receive the greatest number of votes in the election, then the election is not one at which the person currently serving as county auditor is nominated or elected. In order to adopt Becker's reasoning we would have to ignore the fact that the statute specifies a procedure only for primary or general elections "at which the county auditor *is* to be nominated or elected". (Italics ours.) RCW 29.62.030. Becker's interpretation, in short, would render the aforementioned provision meaningless. Such a result defies principles of statutory construction, which require us to give effect to all of the language in a statute. *See In re Marriage of Timmons*, 94 Wn.2d 594, 600, 617 P.2d 1032 (1980).

II

Becker also asserts that the state constitution provides an alternative substantive basis for challenging the results of an election. She cites Const. art. 1, § 32, which provides

18

that "[a] frequent recurrence to fundamental principles is essential to the security of individual right and the perpetuity of free government"; art. 1, § 19, which guarantees "free and equal" elections; and art. 1, § 1, which pronounces that "[a]ll political power is inherent in the people". Becker asserts that "[t]aken together, these constitutional provisions provide firm support for the principle that it is fundamentally unfair for a candidate to count the votes in his own election", because the "exercise of the right to vote is devoid of all meaning if it cannot be guaranteed that the votes will be properly counted". Br. of Appellant, at 16-18.

In support of her constitutional argument, Becker cites *Gold Bar Citizens for Good Gov't v. Whalen*, 99 Wn.2d 724, 730, 665 P.2d 393 (1983), where we indicated agreement with the United States Supreme Court when it said that "the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise". *Gold Bar*, 99 Wn.2d at 730 (quoting *Reynolds v. Sims*, 377 U.S. 533, 555, 12 L. Ed. 2d 506, 84 S. Ct. 1362 (1964)). The *Gold Bar* court analyzed neither RCW 29.62 nor any of the constitutional provisions cited by Becker, however, and though we continue to agree with the pronouncement made in *Reynolds* and quoted with approval in *Gold Bar*, it simply has no application to the facts here.

■ Moreover, Becker's argument that she has an independent right to maintain an election contest pursuant to the above-cited provisions of the state constitution defies a long-held position articulated by this court. Early this century we clearly established that the right to contest an election "rests solely upon, and is limited by, the provisions of the statute relative thereto". *Quigley v. Phelps*, 74 Wash. 73, 75, 132 P. 738 (1913) (interpreting Rem. & Ball. Code §§ 4941-4957). As we observe in the following section of this opinion, the Legislature has enacted statutes defining the right and means to contest the results of an election. Becker has not directly challenged the constitutionality of those

statutes, and, consequently, her argument that the constitution creates an independent right of action here is wholly unpersuasive.

## III

■ Sonntag has raised, for the first time on appeal, the issue of whether Becker's challenge was timely. Sonntag contends that Becker's action constitutes an election contest, which is governed by strict time limits. *See* RCW 29.04.030; RCW 29.65.010. Although our holding that RCW 29.62.030 did not prohibit Sonntag, as the Pierce County Auditor, from participating in the canvass of returns for State Auditor is dispositive of this appeal, we choose to resolve the timeliness issue as well, because it is significant and because "a statute not addressed below but pertinent to the substantive issues which were raised below may be considered for the first time on appeal". *Bennett v. Hardy*, 113 Wn.2d 912, 918, 784 P.2d 1258 (1990). This is particularly true "when the question raised affects the right to maintain the action". *Bennett*, 113 Wn.2d at 918 (quoting *Maynard Inv. Co. v. McCann*, 77 Wn.2d 616, 621, 465 P.2d 657 (1970)).

Sonntag argues that Becker's challenge to the 1992 primary and general election for State Auditor is untimely because her challenge is an election "contest" governed by RCW 29.65.010.[6] That statute provides that "[a]ll election contests shall proceed under RCW 29.04.030". RCW 29.65.010 (final unnumbered paragraph). RCW 29.04.030 provides, in part,

---

[6]RCW 29.65.010 provides, in part, that "[a]ny registered voter may contest the right of any person declared elected to an office to be issued a certificate of election" for any of the following causes:

"1. misconduct by a member of any precinct election board;

"2. because the candidate being challenged

"(a) was not eligible to hold the office at the time he or she was declared elected,

"(b) was a convicted felon whose civil rights had not been restored, or

"(c) offered or gave a bribe to a voter, inspector, or judge of election;

"3. on account of illegal votes."

that an elector may commence an action under that statute by filing an affidavit with a "justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county". That statute also provides that if the elector asserts in the affidavit that "[t]he name of any person has been or is about to be wrongfully placed upon the [general election] ballots", or that "[a]n error or omission has occurred or is about to occur in the issuance of a certificate of election", RCW 29.04.030(3), (6), then the affidavit outlining the challenge must be filed not later than 3 days after the primary election results are certified, or not later than 10 days following the issuance of the certificate of election.

Becker contends that "pursuance of her election remedies was timely and her suit has not been barred by either the time limits of RCW 29.04.030, [or] the time limits of RCW 29.65.010". Reply Br. of Appellant, at 4-5. She submits that her action is not an election contest, but rather is an action that falls within RCW 29.04.030(4). That statute provides relief for any "wrongful act [that] has been performed or is about to be performed by any election officer". Subsection (4) of this statute, unlike subsections (3) and (6), has no time limit set forth in it for the filing of the required affidavit. Becker contends that in the absence of a statutorily specified time limit for such a filing, the statute of limitations is 2 years. RCW 4.16.130.

■ Becker's arguments and submissions do not support her contention that her action is not an election contest maintained under RCW 29.65.010. The relief sought by Becker is the same as would result from a successful election contest: the setting aside of the election. In addition, her complaint cites to RCW 29.65.055, .060, and .070, provisions of the election contest statute, as justification for her action to set aside the 1992 election and her request for "costs and disbursements in this action". Clerk's Papers, at 5. Finally, if Becker were limiting her claim for relief to that

provided by RCW 29.04.030(4) alone, invalidation of the election, the relief she seeks, is not a possible result. Under that statute, the only relief that a court may afford is to order that the offending person "forthwith correct the error, desist from the wrongful act, or perform the [neglected] duty and to do as the court orders".[7] We conclude, therefore, that Becker's action is an election contest, and as such, is subject to the time limitations set forth in RCW 29.04.030. *See* RCW 29.65.010 (final unnumbered paragraph).

Becker's challenge to the primary election was not timely under RCW 29.04.030 and RCW 29.65.010. Although the record on appeal does not indicate precisely when the primary and general elections returns were certified, we will assume that they were certified in a timely fashion.[8] Indeed, Becker does not dispute Sonntag's assertion that she failed to observe the time limits of RCW 29.04.030 and RCW 29.65.010. Because Becker filed her complaint more than a year after the date that the general election was conducted, we are satisfied that the relevant deadline for maintaining an election contest had passed and that her action is, therefore, untimely.

In conclusion, we affirm the trial court's dismissal of Becker's complaint on two bases. First, we hold that dismissal was proper under a plain reading of RCW 29.62.030.

---

[7]Upon a showing by affidavit that any of six specified errors, acts, or neglect have occurred or are about to occur, a judge or justice "shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed". RCW 29.04.030 (in part).

[8]The primary election at issue was conducted September 15, 1992; the subsequent general election occurred November 3, 1992. The Secretary of State was required to prepare certified returns for the primary and general by October 6 and December 3, 1992, respectively. RCW 29.62.100, .120. Becker filed the complaint for declaratory judgment initiating this action on February 2, 1994.

Second, we hold that Becker's action is an election contest, and as such was not timely filed. Having reached these conclusions, it is unnecessary for us to address Sonntag's additional contention that Becker's action is barred by laches.

DURHAM, C.J., and UTTER, DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, and TALMADGE, JJ., concur.