Bruce Miyahara, Secretary Department of Health P.O. Box 47890 Olympia, WA 98504-7890
Mary Riveland, Director Department of Ecology P.O. Box 47600 Olympia, WA 98504-7600
Dear Secretary Miyahara and Director Riveland:
By joint letter previously acknowledged, you have asked for ourlegal opinion on several questions relating to RCW 90.03.383.[1]This statute governs approval of interties. Interties areinterconnections between public water systems that allow exchangeand delivery of water between such systems. We have paraphrasedyour questions as follows:
 Does the procedure in RCW 90.03.383(3) for modifying a water right permit as to the place of use of the water based on an intertie, apply only to interties existing and in use as of January 1, 1991, or does the process also apply to interties approved by the Department of Health as of January 1, 1991, but first used after that date?
 Under RCW 90.03.383(3), is a water right permit modified only to reflect a change in the place of use of the water or is the water right permit also modified as to the quantity of water that may be delivered through the intertie?
 What is the scope of the Department of Ecology's inquiry under RCW 90.03.383(4) in determining whether exchange or delivery of water through an intertie first used after January 1, 1991, should be permitted?
 SHORT ANSWER
The procedure in RCW 90.03.383 for modifying a water right permit as to place of use of the water applies only to interties existing and in use as of January 1, 1991.
Under RCW 90.03.383(3), the place of use description of the water right permit, certificate, or claim is modified to reflect the quantity of water used through the intertie as of January 1, 1991.
The scope of the Department of Ecology's inquiry under RCW90.03.383(4) is whether each system's use is within the annual and instantaneous withdrawal rate specified in its water right authorization and whether the exchange or delivery through the intertie adversely affects existing water rights.
 ANALYSIS QUESTION 1 Does the procedure in RCW 90.03.383(3) for modifying a water right permit as to the place of use of the water based on an intertie, apply only to interties existing and in use as of January 1, 1991, or does the process also apply to interties approved by the Department of Health as of January 1, 1991, but first used after that date?
Based on the legislative findings and substantive provisions of RCW 90.03.383, we conclude that the process for modifying water right permits under RCW 90.03.383(3), applies only to interties existing and in use as of January 1, 1991.
The statute about which you inquire begins with a preamble, containing several legislative findings. In addition to finding that interties promote reliable, efficient, and healthy public water systems, the Legislature finds that a specific approach to approval of interties is in the public interest. In this respect, RCW 90.03.383(1) states:
 The legislature finds that it is in the public interest to recognize interties existing and in use as of January 1, 1991, and to have associated water rights modified by the department of ecology to reflect current use of water through those interties, pursuant to subsection (3) of this section. The legislature further finds it in the public interest to develop a coordinated process to review proposals for interties commencing use after January 1, 1991.
Just as these legislative findings reflect an intent to treat interties existing and in use as of January 1, 1991, differently from those first used after that date, so too does the substantive provision to which the findings refer. Subsection (3) of RCW90.03.383 requires public water systems with interties existing and in use as of January 1, 1991, or with interties approved by the Department of Health prior to that date, to file written notice of the interties with the Department of Health and the Department of Ecology. In this respect, subsection (3) states:
 Public water systems with interties existing and in use as of January 1, 1991, or that have received written approval from the department of health prior to that date, shall file written notice of those interties with the department of health and the department of ecology.
Subsection (3) also provides:
 Notwithstanding the provisions of RCW 90.03.380 and 90.44.100,[2] for public water systems with interties existing and in use as of January 1, 1991, the department of ecology, upon receipt of notice meeting the requirements of this subsection, shall, as soon as practicable, modify the place of use descriptions in the water right permits, certificates, or claims to reflect the actual use through such interties, provided that the place of use is within service area designations established in a water system plan approved pursuant to chapter 43.20 RCW, or a coordinated water system plan approved pursuant to chapter 70.116 RCW, and further provided that the water used is within the instantaneous and annual withdrawal rates specified in the water right permit and that no outstanding complaints of impairment to existing water rights have been filed with the department of ecology prior to September 1, 1991. Where such complaints of impairment have been received, the department of ecology shall make all reasonable efforts to resolve them in a timely manner through agreement of the parties or through available administrative remedies.
(Emphasis added.)
Thus, in the same subsection, the Legislature recognizes and describes two categories of interties those "existing and in use as of January 1, 1991", and those "that have received written approval from the department of health prior to that date". In prescribing the procedure for modifying a water right permit on the basis of an intertie in RCW 90.03.383(3), the Legislature refers to only one of these categories interties "existing and in use as of January 1, 1991".
Where the language of a statute is clear, that language controls the meaning to be given to the statute. Becker v. County of Pierce,126 Wn.2d 11, 890 P.2d 1055 (1995). Here, under the plain language of RCW 90.03.383(3), the process described for modifying a place of use description applies only to interties existing and in use prior to January 1, 1991. Concluding that RCW 90.03.383(3) applies only to interties existing and in use as of January 1, 1991, also is consistent with the legislative preamble, quoted above. A legislative preamble or statement of intent is an important guide in understanding the effect of substantive statutory provisions. Spokane Cy. Health Dist. v. Brockett,120 Wn.2d 140, 839 P.2d 324 (1992). In the preamble to 90.03 RCW, the Legislature finds it in the public interest to treat the two classes of interties differently (1) to recognize interties existing and in use as of January 1, 1991, and modify water rights accordingly, and (2) to develop a coordinated process to review proposals for interties commencing use after January 1, 1991.
 QUESTION 2 Under RCW 90.03.383(3), is a water right permit modified only to reflect a change in the place of use of the water or is the water right permit also modified as to the quantity of water that may be delivered through the intertie?
For public water systems with interties existing and in use as of January 1, 1991, RCW 90.03.383(3) directs the Department of Ecology to "modify the place of use descriptions in the water right permits, certificates, or claims to reflect the actual use through such interties".
Essentially, you ask whether this provision directs the Department of Ecology only to modify the place of use of the water or whether it also directs the Department to state the amount of water that may be delivered to the different place of use through the intertie. We conclude that this provision directs modification of the place of use description to reflect the amount of water that may be used and the new location in which it may be used. In our view, this conclusion is most consistent with the language of RCW90.03.383. The language of the statute is the first source for determining legislative intent. State v. Young, 125 Wn.2d 688,888 P.2d 142 (1995).
Our analysis begins with the language of RCW 90.03.383(3). This provision directs the Department of Ecology to modify place of use descriptions "to reflect the actual use through such interties". Similarly, in the preamble of RCW 90.03.383(1), the Legislature finds it in the public interest to recognize interties existing and in use as of January 1, 1991, and to have associated water rights modified "to reflect current use of water" through them. If the Legislature intended the Department of Ecology to modify the permit only as to the place of use, the above-quoted language referring to "actual use" and "current use" would be unnecessary. Statutes are to be construed so that no language is inoperative or superfluous. Cox v. Helenius, 103 Wn.2d 383, 693 P.2d 683
(1985).
This conclusion finds further support in RCW 90.03.383(3). Under this provision, modifying the place of use description to reflect delivery of water through an intertie existing and in use as of January 1, 1991, is conditioned on the absence of complaints, as of September 1, 1991, that the intertie is impairing existing water rights. Thus, transfer of water through such an intertie is not to be at the expense of existing water rights and holders of such rights are afforded an opportunity to complain of impairment. For this opportunity to be meaningful, the amount of water that may be transferred to a different place of use through the intertie must be fixed and reflect the amount actually being diverted through the intertie. Absent such a limitation, holders of existing water rights would not have an opportunity to observe the impact of the intertie on their water rights and could only speculate whether some future use might impair their rights. To avoid impairing existing rights, the place of use modification logically would be limited to the amount of water being diverted through the interie as of January 1, 1991. If the amount were limited only by the instanteous and annual withdrawl rates specified in the public water system authorization, subsequent increases in delivery of water through the interie could impair existing water rights.[3]
Based on this condition in RCW 90.03.383(3) and the above-quoted legislative finding that it is in the public interest to approve interties existing and in use as of January 1, 1991, and to modify water rights "to reflect current use of water through those interties", we conclude that for interties existing and in use as of January 1, 1991, the place of use description is to be modified for the amount of water used through the intertie as of January 1, 1991.
 QUESTION 3 What is the scope of the Department of Ecology's inquiry under RCW 90.03.383(4) in determining whether exchange or delivery of water through an intertie first used after January 1, 1991, should be permitted?
RCW 90.03.383(4), the subject of this question, provides:
 Notwithstanding the provisions of RCW 90.03.380 and 90.44.100, exchange or delivery of water through interties commencing use after January 1, 1991, shall be permitted when the intertie improves overall system reliability, enhances the manageability of the systems, provides opportunities for conjunctive use, or delays or avoids the need to develop new water sources, and otherwise meets the requirements of this section, provided that each public water system's water use shall not exceed the instantaneous or annual withdrawal rate specified in its water right authorization, shall not adversely affect existing water rights, and shall not be inconsistent with state-approved plans such as water system plans or other plans which include specific proposals for construction of interties. Interties commencing use after January 1, 1991, shall not be inconsistent with regional water resource plans developed pursuant to chapter 90.54 RCW.
Although this provision contains the criteria for approving interties commencing use after January 1, 1991, it does not identify the agency responsible for determining whether these criteria have been met. With respect to proposals for interties commencing use after January 1, 1991, RCW 90.03.383(5) and (6) identify the responsibilities of the Department of Ecology and the Department of Health. RCW 90.03.383(5) states:
 For public water systems subject to the approval process of chapter 43.20 RCW or chapter 70.116 RCW, proposals for interties commencing use after January 1, 1991, shall be incorporated into water system plans pursuant to chapter 43.20 RCW or coordinated water system plans pursuant to chapter 70.116 RCW and submitted to the department of health and the department of ecology for review and approval as provided for in subsections (5) through (9) of this section. The plan shall state how the proposed intertie will improve overall system reliability, enhance the manageability of the systems, provide opportunities for conjunctive use, or delay or avoid the need to develop new water sources.
RCW 90.03.383(6) identifies the responsibilities of the Department of Health and the Department of Ecology in reviewing these proposals for new interties. This subsection states:
 The department of health shall be responsible for review and approval of proposals for new interties. In its review the department of health shall determine whether the intertie satisfies the criteria of subsection (4) of this section, with the exception of water rights considerations, which are the responsibility of the department of ecology, and shall determine whether the intertie is necessary to address emergent public health or safety concerns associated with public water supply.
(Emphasis added.)
The referenced "water rights considerations which are the responsibility of the department of ecology" under subsection (4) are whether each system's use exceeds the instantaneous or annual withdrawal rate specified in its water right authorization and whether the use adversely affects existing water rights. We see no reason to conclude that a different division of responsibility is intended under RCW 90.03.383(4) than under the above-quoted language of RCW 90.03.383(6). Where RCW 90.03.383(4) governs the approval of an intertie, the Department of Ecology determines whether each system's use is within its instantaneous and annual withdrawal rate and whether the use adversely affects existing water rights. The Department of Health determines whether the remaining criteria of RCW 90.03.383(4) are met.
We trust that this opinion will be of assistance to you.
Sincerely,
CHRISTINE O. GREGOIRE Attorney General
MAUREEN HART Senior Assistant Attorney General (360) 753-2536
[1] RCW 93.03.383 was enacted in 1991. See Laws of 1991, ch. 350, § 1.
[2] RCW 90.03 regulates appropriation of surface waters. RCW 90.44
regulates appropriation of ground water. RCW 90.44.020.
Under RCW 90.03.380, a surface water right is tied to and limited to specific lands. The statute allows a surface water right to be transferred, however, and on transfer, its use to become appurtenant to other lands. To effect such a transfer requires an application, public notice, and a determination by the Department of Ecology that the transfer will not injure existing water rights.
RCW 90.44.100 similarly authorizes certain amendments to ground water permits, including transferring the place of use of the water. This transfer process also includes an application, public notice, and a determination that the transfer will not impair existing rights.
[3] In this respect, it is important to note that a water permit, certificate, or claim does not, in and of itself constitute a vested water right or establish its measure. A vested water right arises only upon beneficial use of the water and its scope is measured by such use. Rettkowski v. Department of Ecology,122 Wn.2d 219, 228, 858 P.2d 232 (1993). As RCW 90.03.383(3) and (4) recognize, a public water system may use water at a level within the instantaneous and annual withdrawal rate specified in its water right authorization and nevertheless impair existing water rights held by others. Thus, use within authorized rates and impairment of existing water rights thus are made separate considerations under RCW 90.03.383.