# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| JOE PATRICK FLARITY, a marital community, | No.  56271-5-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| ARGONAUT INSURANCE COMPANY, SUE TESTO, MARY ROBNETT, PIERCE COUNTY, a municipal corporation, STATE OF WASHINGTON, et al., | |
| Respondents. | |

PRICE, J. — Joe P. Flarity appeals the superior court's order dismissing his complaint against Argonaut Insurance Company (Argonaut), the State of Washington, and Sue Testo, Mary Robnett, and Pierce County (collectively Pierce County).  Flarity argues that the superior court erred by denying his motion to change venue.  Flarity also argues that the trial court erred by dismissing his claims.  We affirm.

## FACTS

Flarity owned two parcels of real property in Pierce County that had been receiving the benefit of a reduced tax value from the county's Farm & Agricultural Tax Program.  In July 2017, Sue Testo of the Pierce County Office of the Assessor-Treasurer sent Flarity a letter informing him that an appraiser from her department notified her that it appeared a house was being built on one of Flarity's parcels and a person was residing in a trailer on Flarity's other parcel.  Because this would potentially disqualify his property from the farm tax program, Testo included action items

that needed to be resolved in order for Flarity to continue to receive a tax benefit under the program. Flarity responded with a one-page letter denying he spoke to anyone at his property, suggesting that a transcript should be provided of the assessor's activities on his property, and stating that he had "zero interest in withdrawing any portion from my farm agreement." Clerk's Paper (CP) at 54.

On August 31, Testo sent Flarity another letter stating that because Flarity had not provided the necessary information she had requested in her July letter, she was sending a "Notice of Removal." CP at 55. Testo encouraged Flarity to contact her to discuss the issues regarding the property. The Notice of Removal sent with the letter noted the reason for the change in designation as "[f]ailure to provide requested information for continued eligibility." CP at 56, 58. The Notice of Removal also included instructions on how to appeal to the County Board of Equalization (Board).

On September 19, Flarity responded to Testo's letter. Objecting to the potential removal of his property from the program, Flarity asserted the removal was not legally permissible and provided the following information: "**All the land and buildings are farm related on the two parcels.**" CP at 62.

On September 27, Testo sent Flarity a letter offering to meet with him to resolve the outstanding issues regarding the information needed for the property to remain under the farm tax program. Testo stated that if Flarity did not meet with her to resolve the outstanding issues the property would have to be removed from the farm tax program.

Sometime between November 28 and December 4, Flarity sent a petition to the Board requesting an extension of the time limit for filing the petition.[1] Flarity explained that his petition was delayed because he had property in Texas damaged by Hurricane Harvey, his father-in-law had a stroke, and he had received misinformation from employees of the Board, specifically Testo.

The Board denied the request. The Board noted that, because Pierce County had adopted a 60-day appeal period, Flarity had until October 30 to appeal the August 31 Notice of Removal. The Board explained its rationale for determining that none of Flarity's explanations for the delay justified an extension. Flarity attempted to appeal the determination with multiple filings at the Washington State Board of Tax Appeals, all of which were rejected.

On November 3, 2020, Flarity filed a complaint for damages and declaratory judgment in King County Superior Court against the State, Pierce County, and Argonaut based on allegations that the unconstitutional change in the status of his property caused him damages.[2] Later, Flarity amended his complaint. The amended complaint alleged three claims:

**COUNT 1**
**Claim for Violation of Due Process**
**for Removal from Farm Status**
**(against all defendants)**

5. Washington State Constitution, Article 1, SECTION 3 PERSONAL RIGHTS. *No person shall be deprived of life, liberty, or property, without due*

---

[1] The letter is dated November 28; however it contains no post mark or date stamp. Documents from the Board indicate the letter was not actually mailed until December 4.

[2] Flarity originally filed this action in King County Superior Court. King County Superior Court granted a change of venue and transferred the case to Pierce County Superior Court. Although Flarity asserts that the case was properly filed in King County Superior Court, he provides no assignment of error to the King County Superior Court decision nor does he provide argument or citation regarding the King County Superior Court decision. Accordingly, we do not review the King County Superior Court's decision transferring the case to Pierce County Superior Court.

*process of law*. Government enforcement agent, Sue Testo, with assistance from the Pierce County Board of Equalization (hereafter BOE), Prosecutor Robnett, and Washington State Department of Revenue (hereafter DOR) did remove Flarity's farm status at significant personal cost effectively ending Flarity's ability to farm the property and forcing Flarity to restructure the property for sale as "best use" with no hearing. This action was in violation of RCW 84.34.320, RCW 84.34.370, RCW 84.34.108 and most significantly, RCW 84.34.300 which contains specific warnings pertaining to farmland removal. Flarity's intent to preserve farm status was made clear to Sue Testo in several letters from 2017. SEE EXHBIT 1.

## CONSTITUTIONAL CHALLENGE

### COUNT 2
### Claim for Substantive Due Process
### Violation by Unconstitutional Statutes
### WAC 458-14-056 and RCW 84.40.038

6.      WAC 458-14-056, with emphasis added, is as follows:

(3) Late filing of petition – Waiver of filing deadline. No late filing of a petition will be allowed except as provided in this sub-section. The board **may** waive the filing deadline if the petition is filed within a reasonable time after the filing deadline and the petitioner shows good cause, as defined in this subsection, for the late filing. . . . **The board's decision regarding a waiver of the filing deadline is final and not appealable to the state board of tax appeals. . . .**

7.      *Vagueness doctrine:* (a) *fair notice as to what conduct is allowed or proscribed.* (b) *sufficient detail to prevent arbitrary enforcement.* These statutes are unconstitutional on their face because "may" ALWAYS forces obeisance on even the most compelling petitions. The DOR recognizes the arbitrary nature of these statutes and encouraged the BOE to reject all petitions for waiver as a standard process. The only *compelling state interest* in these statutes is the predatory collection of taxes at the expense of a small number of taxpayers often suffering very difficult circumstances.

8.      The people come forward in good faith, forced to expose their personal records to the public with the expectation that the BOE will likewise consider their waivers for delay in good faith, not understanding that "may" in the statute always means NO by pattern and practice in Pierce County. This is a live issue as the illegal practice is ongoing in Pierce County.

**COUNT 3: Civil Rights Tort Claims are liable to the Argonaut
Insurance Company**

> 9. Flarity alleges that there is a bad faith agreement corrupting official behavior at work in Pierce County. The Argonaut Insurance Company knew or should have known that tens of millions of taxpayer dollars for civil rights violations of which they were liable was instead being sneaked onto Pierce County taxpayers. SEE EXHBIT 2. The people paid them about $306,000 of yearly premiums which is about what a small city (like Duvall or Buckley) pays for liability insurance. Despite these suspiciously low premiums, Argonaut should honor their contract for civil rights violations. Public insurers have a moral and legal responsibility for oversight of the officials. Argonaut has bre[a]ched its duty, contributing to Pierce County's pattern and practice of civil rights violations. This failure was an intentional, or negligent tort, by strict or implied liability.

CP at 38-40 (footnote omitted).

On July 2, 2021, Argonaut filed a CR 12(c) motion to dismiss. The same day, Pierce County also filed a CR 12(b)(6) motion to dismiss. On July 19, Flarity filed a notice that he was unavailable from July 19 until August 15 because his parents were visiting for a vacation. Flarity did not file any responses to Argonaut's or Pierce County's motions to dismiss. The superior court granted both motions to dismiss.

On August 9, 2021, Flarity filed a motion for a change of venue. Flarity also filed motions to vacate the orders dismissing his claims against Argonaut and Pierce County. On August 11, the State filed its own motion to dismiss based on CR 12(b)(6) and CR 12(c). The superior court heard all motions on September 10.

At the September 10 hearing, the superior court denied the motion to change venue. The superior court also granted the State's motion to dismiss.[3] However, rather than deny Flarity's

---

[3] The superior court later denied Flarity's motion to reconsider the order granting the State's motion to dismiss.

No. 56271-5-II

motions to vacate the dismissals, the superior court reset consideration of Flarity's motions to September 24 to allow Flarity the opportunity to submit additional briefing in response to Argonaut's and Pierce County's motions to dismiss. On September 24, the superior court denied Flarity's motions to vacate and affirmed the dismissal of his claims.

Flarity appeals.[4]

---

[4] After the close of briefing but prior to oral argument, Flarity filed numerous additional authorities with this court:

- Motion to Include Supplemental Authority Meredith v. State, No. 100135-5 (Mar. 27, 2023)
- Motion to Include Supplemental Authority Wilkins v. U.S. (Mar. 31, 2023)
- Motion to Include Supplemental Authority Quinn v. State, No. 100769-8 (Apr. 10, 2023)
- Motion to Include Supplemental Authority Idaho House Bill 242 Planned Parenthood v. Labrador, 1:23-cv-00142-DKG (Apr. 17, 2023)
- Motion to Include Supplemental Authority Martinez v. Anderson County 6:22-cv-171-JCB-KNM (Apr. 17, 2023)
- Motion to Include Supplemental Authority Evenson-Childs v. Ravalli County cv-21-89-M-DLC-KLD (Apr. 17, 2023)
- Motion to Include Supplemental Authority Tyler v. Hennepin County, MN et. al (Apr. 28, 2023)
- Motion to Include Supplemental Authority Harper v. Hall, No. 413PA21-2 (May 2, 2023)
- Motion to Include Supplemental Authority Axon Enterprise v. FTC, No. 21-86 SEC v. Michelle Cochran, No. 21-1239 (May 8, 2023)

The Respondents filed objections to some of these additional authorities, questioning their compliance with the rules. State of Washington's Objection to Appellant's Motion to Include Supplemental Authority (Apr. 11, 2023); State of Washington's Objection to Appellant's Motion to Include Supplemental Authority (*Tyler v. Hennepin County, MINN.*) (May 1, 2023). Although we decline to strike these additional authorities, we note they did not have any substantive effect on our decision.

No. 56271-5-II

ANALYSIS

Flarity argues that the superior court erred by denying his motion to change venue. Flarity

also argues that the trial court erred by dismissing his claims. We affirm.[5]

I. MOTION TO CHANGE VENUE

Flarity argues that the superior court erred by denying his motion to change venue from

Pierce County to a neighboring county based on RCW 36.01.050. We disagree.

We review a superior court's decision on a motion to change venue for a manifest abuse of

discretion. *Unger v. Cauchon*, 118 Wn. App. 165, 170, 73 P.3d 1005 (2003). A manifest abuse

of discretion occurs "when no reasonable person would adopt the trial court's position." *Id.*

RCW 36.01.050(1) provides:

> All actions against any county may be commenced in the superior court of such
> county, or in the superior court of either of the two nearest judicial districts. All
> actions by any county shall be commenced in the superior court of the county in
> which the defendant resides, or in either of the two judicial districts nearest to the
> county bringing the action.

But RCW 36.01.050 is not the only statute which addresses venue. RCW 4.12.020 provides:

---

[5] At oral argument, Flarity appeared remotely by Zoom while other parties appeared in person.
Flarity questioned whether the court rules required all parties to appear via Zoom when one party
requested to appear remotely and suggested that it was improper for the other parties to appear in
the courtroom when he was appearing remotely.

However, the protocols for oral argument at Division II provide, "For Judicial Panel oral
arguments, those participants who have requested to do so will appear virtually, while those who
have not will appear in the courtroom." WASH. STATE CT. OF APPEALS, DIV. TWO, ORAL
ARGUMENT PROTOCOLS AND ADDITIONAL INFORMATION (undated),
https://www.courts.wa.gov/appellate_trial_courts/div2/pdf/COA2%20Oral%20Argument%20Co
urtroom%20Protocols.pdf [https://perma.cc/6VSD-TP35]. Flarity was the only party to request a
virtual appearance, and therefore, was the only party to appear remotely. (We note that Division
II has different protocols for its commissioner hearings.)

7

Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose . . . (3) For the recovery of damages for injuries to the person or for injury to personal property, the plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action.

And RCW 4.12.030 addresses the grounds that authorize a change of venue:

The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:

(1) That the county designated in the complaint is not the proper county; or,

(2) That there is reason to believe that an impartial trial cannot be had therein; or,

(3) That the convenience of witnesses or the ends of justice would be forwarded by the change; or,

(4) That from any cause the judge is disqualified; which disqualification exists in either of the following cases: In an action or proceeding to which he or she is a party, or in which he or she is interested; when he or she is related to either party by consanguinity or affinity, within the third degree; when he or she has been of counsel for either party in the action or proceeding.

Here, nothing in RCW 36.01.050 requires that this case be transferred out of Pierce County. And under RCW 4.12.025, Pierce County is presumptively the correct county for the cause of action because the property at issue and all the actions that gave rise to Flarity's cause of action occurred in Pierce County. Finally, Flarity has failed to present an affidavit or other proof that would support any of the four grounds to change venue in RCW 4.12.030. Flarity's conclusory, unsupported claim that he could not receive a fair trial in Pierce County is insufficient to warrant a change of venue.

Because there was no evidence supporting a change of venue, the superior court did not abuse its discretion in denying Flarity's motion. Accordingly, we affirm the superior court's order denying Flarity's motion for a change of venue.

II. MOTIONS TO DISMISS

Flarity brought three claims in his complaint: (1) a claim for damages for the removal of farm status against all three defendants, (2) a claim that RCW 84.40.038 is unconstitutionally vague, and (3) a claim that Argonaut is liable for paying civil rights claims paid by Pierce County. Flarity argues that the superior court erred by dismissing all three of Flarity's claims. We disagree.

We review dismissals under CR 12(b)(6) and CR 12(c) de novo. *Wash. Trucking Assoc. v. Emp. Sec. Dep't*, 188 Wn.2d 198, 207, 393 P.3d 761, *cert. denied*, 138 S. Ct. 261 (2017). " 'We treat a CR 12(c) motion . . . identically to a CR 12(b)(6) motion.' " *Id.* (alteration in original) (quoting *P.E. Sys., LLC v. CPI Corp.*, 176 Wn.2d 198, 203, 289 P.3d 638 (2012)). "Dismissal under either subsection is 'appropriate only when it appears beyond doubt' that the plaintiff cannot prove any set of facts that 'would justify recovery.' " *Id.* (quoting *San Juan County v. No New Gas Tax*, 160 Wn.2d 141, 164, 157 P.3d 831 (2007)); *P.E. Sys.*, 176 Wn.2d at 210.

A. DISMISSAL OF CLAIM FOR REMOVAL OF FARM STATUS

Flarity's first claim was against all defendants for damages related to the loss of farm status on his property. Flarity alleged that all defendants violated multiple statutes when removing the farm status from his property. But because Flarity fails to establish that any referenced statute creates a private cause of action, the superior court properly dismissed this claim.

In order to determine whether a statute creates an implied cause of action, we apply the test from *Bennett v. Hardy*, 113 Wn.2d 912, 784 P.2d 1258 (1990). *Swank v. Valley Christian Sch.*, 188 Wn.2d 663, 675, 398 P.3d 1108 (2017) (confirming the use of the *Bennet* test in subsequent cases). *Bennet* established a three-part test: "first, whether the plaintiff is within the class for whose 'especial' benefit the statute was enacted; second, whether legislative intent, explicitly or

9

implicitly, supports creating or denying a remedy; and third, whether implying a remedy is consistent with the underlying purpose of the legislation." 113 Wn.2d at 920-21.

Flarity alleges Testo violated RCW 84.34.030, RCW 84.34.108, RCW 84.34.320, and 84.34.370 but offers no explanation or argument establishing that any of these statutes create a private cause of action. Nothing in any of the cited statutes indicates that the legislature intended to create a private cause of action for violation of the statutes cited by Flarity. Moreover, a private cause of action would not be consistent with the underlying purpose of the legislation, which is to maintain open space lands. RCW 84.34.010.

Because Flarity has failed to show that the statutes he references create a private cause of action, there are no set of facts that would entitle Flarity to relief for this claim. Therefore, the superior court properly granted all the defendants' motions to dismiss Flarity's claim for damages.

B. DISMISSAL OF CLAIM FOR UNCONSTITUTIONALITY OF RCW 84.40.038 AGAINST THE STATE

Flarity's second claim against the State alleged that RCW 84.40.038 and its corresponding administrative rule, WAC 458-14-056,[6] are unconstitutionally vague. The superior court properly dismissed this claim.

"Statutes are presumed to be constitutional, and the party asserting that a statute is unconstitutionally vague must prove its vagueness beyond a reasonable doubt." *State v. Evergreen Freedom Found.*, 192 Wn.2d 782, 796, 432 P.3d 805, *cert. denied*, 139 S. Ct. 2647 (2019). " 'A statute is vague if either it fails to define the offense with sufficient precision that a person of ordinary intelligence can understand it, or if it does not provide standards sufficiently specific to

---

[6] WAC 458-14-056 mirrors the language of RCW 84.40.038. Accordingly, we do not address WAC 458-14-056 separately from RCW 84.40.038.

prevent arbitrary enforcement.' " *State v. Yishmael*, 195 Wn.2d 155, 176, 456 P.3d 1172 (2020)

(quoting *State v. Eckblad*, 152 Wn.2d 515, 518, 98 P.3d 1184 (2004)).

RCW 84.40.038(1) sets the time limit for filing petitions with the county board of equalization. And RCW 84.40.038(2) provides when the board of equalization may waive the filing deadline:

> The board of equalization may waive the filing deadline if the petition is filed within a reasonable time after the filing deadline and the petitioner shows good cause for the late filing. However, the board of equalization must waive the filing deadline for the circumstance described under (f) of this subsection if the petition is filed within a reasonable time after the filing deadline. The decision of the board of equalization regarding a waiver of the filing deadline is final and not appealable under RCW 84.08.130. Good cause may be shown by one or more of the following events or circumstances:
>
> (a) Death or serious illness of the taxpayer or his or her immediate family;
>
> (b) The taxpayer was absent from the address where the taxpayer normally receives the assessment or value change notice, was absent for more than fifteen days of the days allowed in subsection (1) of this section before the filing deadline, and the filing deadline is after July 1;
>
> (c) Incorrect written advice regarding filing requirements received from board of equalization staff, county assessor's staff, or staff of the property tax advisor designated under RCW 84.48.140;
>
> (d) Natural disaster such as flood or earthquake;
>
> (e) Delay or loss related to the delivery of the petition by the postal service, and documented by the postal service;
>
> (f) The taxpayer was not sent a revaluation notice under RCW 84.40.045 for the current assessment year and the taxpayer can demonstrate both of the following:
>
> (i) The taxpayer's property value did not change from the previous year; and
>
> (ii) The taxpayer's property is located in an area revalued by the assessor for the current assessment year; or
>
> (g) Other circumstances as the department may provide by rule.

Flarity asserts that the statute fails to provide standards to prevent arbitrary enforcement. However, the plain language of the statute clearly contains standards for determining whether good cause is established by providing specific, enumerated grounds that qualify as good cause. Therefore, as a matter of law, RCW 84.40.038 is not unconstitutionally vague. Accordingly, the superior court properly granted the State's motion to dismiss Flarity's claim that RCW 84.40.038 is unconstitutionally vague.

## C.  CLAIM AGAINST ARGONAUT

Finally, Flarity claimed that Argonaut is liable for civil rights claims that were actually paid by Pierce County taxpayers. Flarity has failed to establish that such a cause of action exists.

Flarity has alleged nothing more than that Argonaut is Pierce County's insurance company. He has provided no factual or legal basis for his contention that an individual taxpayer has a claim against a county's insurance company for sums the individual taxpayer believes the insurance company, rather than the taxpayers, should have paid. Further, we have found no legal basis for such a claim.

Because Flarity's claim against Argonaut insurance company has no legal basis, there is no set of facts that would entitle Flarity to relief for such a claim. Accordingly, the superior court properly granted Argonaut's motion to dismiss Flarity's claim that it is liable for civil rights torts claims.

No. 56271-5-II

CONCLUSION

The superior court did not abuse its discretion by denying Flarity's motion to change venue.

Further, the superior court properly dismissed all of Flarity's claims. Accordingly, we affirm the

superior court's orders.[7]

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

_____
PRICE, J.

We concur:

_____
LEE, P.J.

_____
CHE, J.

---

[7] Flarity also argues that the superior court's orders should be reversed because they were obtained by trial irregularities and that we should remand this case to allow him to amend his complaint to remedy any deficiencies. However, because Flarity's complaint failed to allege any legal cause of action, dismissal of his complaint was proper. Moreover, although Argonaut and Pierce County obtained the initial dismissal without a response from Flarity, the superior court ultimately allowed Flarity to present briefing and argument on the motions to dismiss by extending the date for consideration of his motions to vacate until September 24 and inviting additional briefing. And because Flarity has failed to allege any legal cause of action, remand to amend his complaint would be futile. *Nakata v. Blue Bird, Inc.*, 146 Wn. App. 267, 278, 191 P.3d 900 (2008), *review denied*, 165 Wn.2d 1033 (2009).